CARMEN MARÍN KUILAN, querellante y apelante, *v.* TEDDY DÍAZ FASTENING SYSTEMS, INC., ETC., querellado y apelado.

*Número:* AC-95-26          *Resuelto:* 7 de febrero de 1997

*Ángel Marrero Figarella*, abogado de la apelante; *Lourdes Muriente* y *Federico Lora López*, abogados del apelado.

La Juez Asociada Señora Naveira de Rodón emitió la opinión del Tribunal.

Nos corresponde hoy interpretar la Ley Núm. 115 de 20 de diciembre de 1991 (29 L.P.R.A. sec. 194 *et seq.)* en el contexto de una acción llevada bajo el procedimiento sumario establecido por la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. sec. 3118 *et seq.*). Los hechos pertinentes se resumen a continuación.

I

El 26 de mayo de 1995 la querellante apelante Carmen Marín Kuilan presentó ante el Tribunal de Primera Instancia una querella contra Teddy Díaz Fastening Systems, Inc. (en adelante Fastening), al amparo de la Ley Núm. 115, *supra*,([1]) acogiéndose al procedimiento sumario establecido en la Ley Núm. 2, *supra*.([2]) En ésta, la señora Marín Kuilan, por conducto de su abogado, alegó lo siguiente:

1. La parte querellante formula la presente querella acogiéndose al procedimiento establecido en la Ley #2 de 17 de octubre de 1961.
2. La parte querellada opera un negocio lucrativo comercial en San Juan, en la jurisdicción de este Honorable Tribunal.
3. La querellante, Carmen Marín Kuilan, prestó servicios para la parte querellada, desde el 28 de septiembre de 1992, mediante contrato sin tiempo determinado como empleada y devengando un salario ascendente a la cantidad de $4.25 la

([1]) En su exposición de motivos, dicha ley expone, en lo pertinente, lo siguiente:

"Si bien hasta el momento los empleados han tenido cierta protección en el empleo por haber ofrecido información o testimonio, dicha protección ha sido limitada en la medida en que se circunscribe exclusivamente a casos en que el empleado testifique sobre los negocios del patrono, y establece únicamente como remedio la restitución en el empleo y paga retroactiva. Es necesario ampliar esta protección a los efectos de que sea extensiva a información suministrada ante el requerimiento de un foro, aún cuando la misma no trate directamente sobre los negocios de un patrono y para conceder remedios adicionales tales como compensación por daños reales y emocionales y honorarios de abogado. *De igual forma, se establecen las normas evidenciarias para probar un despido ilegal bajo esta causal.* Por último, se impone responsabilidad criminal a los patronos que participan en la decisión de despedir a un empleado por éste haber ofrecido testimonio ante los distintos foros investigativos. (Énfasis suplido.) 1991 (Parte 1) Leyes de Puerto Rico 957.

La causa de acción creada por esta ley es similar a la de varias leyes federales que protegen a los empleados de represalias por parte del patrono por haber divulgado información o participado en investigaciones por entidades administrativas, judiciales o legislativas. Véanse los estatutos siguientes: *Energy Reorganization Act of 1974*, 42 U.S.C. sec. 5801 *et seq.; Water Pollution Control Act*, 33 U.S.C. sec. 1367; *Toxic Substances Control Act*, 15 U.S.C. sec. 2622; *Solid Waste Disposal Act*, 42 U.S.C. sec. 6971; Safe *Drinking Water Act*, 42 U.S.C. sec. 300j–9(i); *Railroad Safety Act*, 45 U.S.C. sec. 441; *Occupational Safety and Health Act*, 30 U.S.C. sec. 815; *Longshoremen's Act*, 33 U.S.C. sec. 948; *Air Pollution and Control Act*, 42 U.S.C. sec. 7622, y el *Energy Reorganization Act*, 42 U.S.C. sec. 5851.

([2]) Dicho procedimiento está disponible "[s]iempre que un obrero o empleado tuviere que reclamar de su patrono cualquier derecho o beneficio, o cualquier suma por concepto de compensación por trabajo o labor realizados para dicho patrono, o por compensación en caso de que dicho obrero hubiere sido despedido de su empleo sin causa justificada". 32 L.P.R.A. sec. 3118.

hora, y fue despedida el 19 de julio de 1994. Nunca le pagaron vacaciones, ni se le permitió tomarlas.

4. El despido de la querellante se debió a que el patrono discriminó y/o violó y/o amenazó contra la querellante, con relación a los términos y condiciones, compensación, ubicación y beneficio o privilegio del empleo cuando la querellante ofreció o intentó ofrecer testimonio ante un Foro Administrativo.

5. Que la acción de la parte querellada al despedir a la querellante por la razón antes expuesta, le ha causado daños consistentes en salarios dejados de percibir desde el momento de su despido y dicha cantidad continuará aumentando hasta tanto la querellante sea reinstalada en su empleo.

6. Además de los salarios dejados de percibir, la querellante ha sufrido daños y perjuicios y angustias mentales como consecuencia del discrimen sufrido; no ha podido conseguir trabajo a pesar de las gestiones que ha hecho; ha desarrollado ansiedad, insomnio y profundos dolores y angustias, cuyos daños se estiman en una suma no menor de $75,000.00.

7. La querellante trabajaba, además, por lo menos una (1) hora extra al día sin que le pagara y nunca se le pagó la hora de almuerzo a pesar de que la trabajaba.

A base de estas alegaciones, la querellante reclamó que se ordenara a Fastening a satisfacerle las sumas reclamadas, a reinstalarla a su trabajo y a cesar y desistir de discriminar en su contra. Además, solicitó el pago de una suma razonable en concepto de honorarios de abogado y la imposición del interés legal correspondiente.

Fastening fue notificada por conducto de su gerente de contabilidad el 30 de mayo de 1995. La notificación indicaba que la reclamación había sido presentada al amparo de la Ley Núm. 2, *supra*, y que, por lo tanto, debía ser contestada dentro de diez (10) días a partir de la notificación.[3] El 13 de junio de 1995, o sea, tres (3) días después de haberse vencido el término de diez (10) días antes mencionado, Fastening presentó su contestación. Alegó como defensas afirmativas que: el empleo de la querellante cesó al vencerse su contrato probatorio; la querellante trabajó a tiempo parcial jornadas semanales que

---

[3] Teddy Díaz Fastening Systems, Inc. (Fastening) fue notificada en su dirección de negocios en San Juan, dentro del distrito judicial de la Sala de San Juan del Tribunal de Primera Instancia, donde se presentó la querella.

fluctuaban entre catorce (14) y veintiséis (26) horas de septiembre de 1992 a febrero de 1994; la querellante disfrutó de todas las vacaciones acumuladas durante su término de empleo, excepto treinta y dos (32) horas que se le pagaron a la fecha de su separación; a la querellante se le pagaron todas las horas extras autorizadas a trabajar por su supervisor, así como la hora de almuerzo cuando la trabajaba mediante autorización de la gerencia, y el empleo cesó por una política de reducción de gastos de la empresa querellada. El mismo día en que Fastening sometió su contestación, la querellante presentó una moción para solicitar que se anotase la rebeldía y se dictase la sentencia por falta de jurisdicción. Basó su solicitud en el hecho de que Fastening no contestó la querella dentro del término requerido de diez (10) días, ni solicitó prórroga bajo juramento para contestarla, como lo requiere la Ley Núm. 2, *supra*. El 15 de julio de 1995 la señora Marín Kuilan sometió una moción titulada Moción Suplementando Otra Se Dicte Sentencia, en la cual especificó las cuantías reclamadas por salarios y horas extras, para un total de veintinueve mil novecientos setenta y un dólares ($29,971); daños y angustias mentales, setenta y cinco mil dólares ($75,000), e intereses, honorarios y penalidades.

El 16 de junio de 1995 la señora Marín Kuilan presentó una moción titulada Moción en Oposición a que se Remita la Contestación a la Querella por Falta de Jurisdicción. Alegó que la querella se contestó fuera del término jurisdiccional, por lo que siendo el procedimiento sumario al amparo de la Ley Núm 2, *supra*, el tribunal de instancia carecía de jurisdicción para admitir la contestación a la querella. Indicó que era mandatorio no permitir la contestación.[4] A este planteamiento Fastening se opuso,

---

[4] En lo pertinente, la Sec. 3 de la Ley Núm. 2 establece que "[s]olamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan, bajo juramento, los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga". 32 L.P.R.A. sec. 3120.

planteando que la querella de la señora Marín Kuilan no podía ser considerada bajo el procedimiento sumario de la Ley Núm. 2, *supra*, ya que se incluían en ella elementos ajenos y fuera del ámbito que dispone dicha ley para ser tratados mediante el procedimiento sumario. La querellante se opuso. Alegó que el procedimiento sumario de la Ley Núm. 2, *supra*, es el vehículo apropiado para reclamaciones como la suya, y que la Ley Núm. 115, *supra*, permite una causa de acción como la instada por ella, en la cual se pueden reclamar daños y perjuicios.

El 27 de junio de 1995 el foro de instancia emitió una sentencia parcial en la cual acogió todos los planteamientos de la querellante. Ordenó la restitución en el empleo de la señora Marín Kuilan, el pago de los veintinueve mil novecientos setenta y un dólares ($29,971) reclamados en concepto de salarios por los diez (10) meses que la querellante estuvo fuera del empleo y el pago de las horas extras alegadamente trabajadas por ella. La suma en concepto de salarios corresponde al doble de la cuantía que la querellante determinó que el despido le ocasionó en pérdidas salariales. El Art. 2(b) de la Ley Núm. 115, establece, en lo pertinente, que "[l]a responsabilidad del patrono con relación a los daños y los salarios dejados de devengar será el doble de la cuantía que se determine causó la violación a las disposiciones de [esta ley]". 29 L.P.R.A. sec. 194a(b). En cuanto a los daños y perjuicios reclamados, el foro de instancia en la sentencia parcial dispuso que éstos se determinarán luego de una vista evidenciaria.

Fastening apeló oportunamente ante el Tribunal de Circuito de Apelaciones para señalar la comisión de los errores siguientes:

1. Erró el Tribunal de Instancia al aplicar de manera automática jurisprudencia aplicable únicamente a reclamaciones de salarios en un caso en que la parte querellante acumula diversas causas de acción, impidiendo así que la Querellada pudiese oponer defensas válidas a lo alegado.

2. Erró el Tribunal de Instancia al no considerar los elementos presentes en el trámite procesal de este caso para aceptar la contestación a la querella, con sus defensas, radicada apenas

tres días después de haber expirado el término para contestar la reclamación de salarios contenida en las múltiples alegaciones de la querella.

3. Erró el Tribunal de Instancia al emitir una sentencia en contra de la querellada sin considerar sus defensas y sin oportunidad para esta de efectuar alegaciones de hecho y derecho algunas sobre las múltiples reclamaciones contenidas en la querella, la mayoría de las cuales consistían propiamente de una reclamación de salarios, todo ello en violación al derecho constitucional de la querellada de no ser privada de su derecho a la propiedad sin mediar el debido proceso de ley.

4. Erró el Tribunal de Instancia al dar por probada la causa de acción acumulada de despido discriminatorio bajo la Ley 115 de 20 de diciembre de 1991, sin mediar la prueba directa o circunstancial que requiere la ley, 29 LPRA 194(a)(c) y privando así a la querellada de su propiedad sin mediar el debido proceso de ley y sin considerar que la conducta que se da por probada en rebeldía es constitutiva de delito grave.

El 26 de septiembre de 1995 el Tribunal de Circuito de Apelaciones dictó una sentencia en la que revocó la sentencia apelada. Fundamentó su decisión en que, aunque Fastening sometió su contestación a la querella tardíamente, la Moción Suplementando Otra Se Dicte Sentencia presentada por la querellante constituyó una enmienda a la querella original que la querellante venía obligada a notificar a Fastening, lo que nunca hizo. Regla 67 de Procedimiento Civil, 32 L.P.R.A. Ap. III.[5] A partir de la fecha de la notificación de la querella enmendada, comenzaba a decursar el término para que Fastening lo contestara. El foro apelativo ordenó a Fastening que contestara la querella enmendada dentro del término de diez (10) días contados a partir de la notificación de la sentencia y devolvió el caso al foro de instancia recurrido para que continuasen los procedimientos.

La querellante oportunamente presentó ante nos un re-

---

[5] En lo pertinente, la Regla 67.1 de Procedimiento Civil establece lo siguiente: "No será necesario notificar a las partes en rebeldía por falta de comparecencia, excepto que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes, se les notificarán en la forma dispuesta en la Regla 4.4 para diligenciar emplazamientos." 32 L.P.R.A. Ap. III.

curso de apelación. Señaló la comisión de varios errores que se exponen y discuten a continuación.([6])

## II

A. ERRO EL HONORABLE TRIBUNAL DE CIRCUITO DE APELACIONES AL HABER ASUMIDO JURISDICCION EN EL CASO DE AUTOS BAJO EL PRETEXTO DE QUE LA LEY NUM. 2 DE 17 DE OCTUBRE DE 1961, 32 L.P.R.A. Sec. 3120 CONTIENE EXPRESAMENTE EL DERECHO DE APELAR UNA SENTENCIA PARCIAL DICTADA AL AMPARO DE DICHA LEY.

En esencia, la querellante apelante alega que el Tribunal de Circuito de Apelaciones no tenía jurisdicción para considerar el caso, en vista de que la Ley Núm. 2, *supra*, no concede el derecho de apelar. No le asiste la razón.

La Sec. 4 de la Ley Núm. 2 (32 L.P.R.A. sec. 3121) dispone, en lo pertinente, lo siguiente:

---

([6]) Como segundo error la querellante apelante Fastening alegó:

"La Sentencia Apelada Está en Claro Conflicto Sustancial con la Decision Previa del Honorable Tribunal de Circuito de Apelaciones de 23 de Marzo de 1995, Archivada en Autos Copia de la Notificacion el 6 de Abril de 1995 en el Caso de *Hector Sola Lopez v. Banco de Comercio de Puerto Rico* (KLCE 9500013)."

Como podrá observarse, esto no constituye propiamente un error. Es una justificación innecesaria para el uso del recurso de apelación. Art. 3.002(c) de la ley de la Judicatura de Puerto Rico de 1994, sin enmendar, 4 L.P.R.A. sec. 22i(c). El recurso de apelación procedía al amparo del Art. 3.002(f) de dicha ley, 4 L.P.R.A. sec. 22i(f).

De todas formas no existe el alegado conflicto. En el caso ante nos, el Tribunal de Circuito de Apelaciones resolvió que como la Moción Suplementando Otra Se Dicte Sentencia de la querellante constituyó una enmienda a la querella original; que el término que tenía Fastening para contestar no había comenzado a decursar, ya que la querellante no había notificado dicha moción al querellado como lo requiere la Regla 67 de Procedimento Civil, *supra*. Concluyó que bajo estas circunstancias, el término que tenía Fastening para contestar no había empezado a decursar. De otra parte, en *Héctor Solá López v. Banco de Comercio de Puerto Rico*, Sentencia de 25 de marzo de 1995 del Tribunal de Circuito de Apelaciones decidió que el foro de instancia erró al negarse a anotar la rebeldía de la parte querellada, quien en una acción al amparo de la Ley Núm. 115, *supra*, y el procedimiento sumario de la Ley Núm. 2, *supra*, presentó tardíamente su contestación a la querella, no solicitó prórroga ni sometió escrito juramentado alguno excusando la demora. De lo antes expresado se puede colegir que estos casos no representan dos (2) expresiones encontradas sobre una misma controversia por parte de paneles distintos del Tribunal de Circuito de Apelaciones.

Si el querellado no radicara su contestación a la querella en la forma y en el término dispuestos en la sec. 3120 [del título 32 de L.P.R.A.], el juez dictará sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado. En este caso dicha sentencia será final y de la misma no podrá apelarse; Disponiéndose, sin embargo, que el querellado podrá acudir del Tribunal de Distrito al Tribunal Superior correspondiente, o del Tribunal Superior en que se haya originado la reclamación al Tribunal Supremo, dentro de los diez (10) días siguientes a la notificación de la sentencia para que se revisen los procedimientos.

Esta sección hay que interpretarla de forma integral. Mientras la segunda oración del párrafo citado de la citada Sec. 4 dispone que de la sentencia final no podrá apelarse, la oración siguiente modifica esta tajante aseveración al especificar que la parte adversamente afectada podrá, sin embargo, solicitar la revisión de los procedimientos habidos en instancia dentro de los diez (10) días siguientes a la notificación de la sentencia.[7] En el caso de autos, la sentencia parcial dictada por el foro de instancia fue archivada en autos y notificada el 29 de junio de 1995, y la apelación fue presentada el 10 de julio de 1995. Fastening presentó su escrito ante el Tribunal de Circuito de Apelaciones dentro del término de diez (10) días que tenía disponible.

De los errores señalados por Fastening en su apelación ante el Tribunal de Circuito de Apelaciones, surge con meridiana claridad que éste acudió a dicho foro precisamente para que se revisaran los procedimientos habidos ante el tribunal de instancia, según permitido por la Sec. 4 de la Ley Núm. 2, *supra.* En consecuencia, el Tribunal de Cir-

---

[7] *Quaere* si este término quedó modificado con la aprobación de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada. El Art. 4.002(a) de dicha ley, 4 L.P.R.A. sec. 22k(a), dispone que toda sentencia dictada en el Tribunal de Primera Instancia, en casos originados en dicho tribunal, podrá ser apelada al Tribunal de Circuito de Apelaciones dentro del término jurisdiccional de treinta (30) días, contados a partir del archivo en autos de copia de la notificación de la sentencia. La sentencia que a su vez emita el Tribunal de Circuito de Apelaciones, podrá ser revisada por el Tribunal Supremo mediante auto de *certiorari* dentro del término, también jurisdiccional, de treinta (30) días del archivo en autos de copia de la notificación de la sentencia. Art. 3.002(d)(1) de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22i(d)(1)).

cuito de Apelaciones tenía jurisdicción para entender en el caso. Este error no se cometió.

> B.  ERRO EL HONORABLE TRIBUNAL DE CIRCUITO DE APELACIONES AL REVOCAR LA SENTENCIA DICTADA POR EL TRIBUNAL DE PRIMERA INSTANCIA, BAJO EL FUNDAMENTO DE QUE LA MOCION SUPLEMENTANDO OTRA SOLICITANDO SE DICTE SENTENCIA CONSTITUYO UNA ENMIENDA A LAS ALEGACIONES DE LA QUERELLA ORIGINAL.

En el caso que nos ocupa, el Tribunal de Circuito de Apelaciones entendió que aunque la contestación a la querella se presentó fuera del término establecido por la Ley Núm. 2, *supra,* la moción presentada el 15 de junio de 1995 y en la que se suplementaba la querella original tuvo el efecto de enmendar las alegaciones. En esta moción la querellante incluyó cantidades específicas que no fueron incluidas en la querella original. A base de esto concluyó que el término para contestar no había comenzado a decursar ya que la querellante no le notificó la moción suplementaria a Fastening, como lo requiere la Regla 67.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Cuando se analiza la querella original conjuntamente con la moción suplementaria, surge con claridad que con la última lo único que se hizo fue añadir los cómputos específicos de las cantidades ya reclamadas. En dicha moción, la querellante apelante solicitó *los mismos remedios* que en la querella original, a saber, el pago de horas extras trabajadas, los salarios dejados de percibir, la restitución en su empleo, daños, intereses al tipo legal y honorarios de abogado.

La moción suplementaria no tenía el propósito ni tuvo el efecto de enmendar las alegaciones e incluir nuevas reclamaciones o remedios. Incidió el Tribunal de Circuito de Apelaciones al concluir que el término para contestar la querella no había comenzado a decursar por la querellante no haber notificado la moción suplementaria a Fastening. La Regla 67.1 de Procedimiento Civil, *supra,* exige la noti-

ficación a las partes en rebeldía por falta de comparecencia solamente en casos de enmiendas a las alegaciones en las que se solicitan remedios *nuevos o adicionales*. En el caso de autos, en la moción suplementaria no se solicitaron remedios nuevos o adicionales. De todas maneras, aunque la moción suplementaria de la querellante hubiese constituido una enmienda a la querella de la naturaleza antes descrita, el derecho a presentar las defensas afirmativas previamente renunciadas al no haberse contestado la querella original, no quedó automáticamente restablecido al presentarse dicha enmienda y requerirse una nueva contestación a la querella. Una enmienda a la querella no le brinda al querellado, como concluye el Tribunal de Circuito de Apelaciones en este caso, una nueva oportunidad para contestar la querella en su totalidad y levantar todas las defensas afirmativas que tenga. A lo único que tiene derecho el querellado al contestar la querella enmendada es a presentar las defensas nuevas que surgen como consecuencia de las enmiendas. *Epifanio Vidal, Inc. v. Suro*, 103 D.P.R. 793 (1975).

No obstante lo anterior, el Tribunal de Circuito de Apelaciones actuó correctamente al revocar la sentencia parcial del foro de instancia que le otorgó a la querellante apelante los remedios solicitados al amparo de la Ley Núm. 115, *supra*. Veamos.

El caso de autos requiere que interpretemos y armonicemos dos (2) leyes especiales: el procedimiento sumario de la Ley Núm. 2, *supra*, y los remedios que concede la Ley Núm. 115, *supra*. De una parte, la Ley Núm. 2, *supra*, específicamente dispone que cuando el querellado no presente su contestación a la querella en el término dispuesto en la Sec. 3 de esta ley, 32 L.P.R.A. sec. 3120, el tribunal, en casos laborales llevados al amparo del procedimiento sumario allí establecido, dictará una sentencia en rebeldía que conceda el remedio solicitado. De otra parte, el Art. 2(c) de la Ley Núm. 115 (29 L.P.R.A. sec. 194a(c)) expresa:

El empleado deberá probar la violación [a la Ley Núm. 115,

*supra*] mediante evidencia directa o circunstancial. El empleado podrá, además, establecer un caso prima facie de violación a la ley probando que participó en una actividad protegida por las secs. 194 *et seq.* [del título 29 de L.P.R.A.] y que fue subsiguientemente despedido, amenazado o discriminado en su contra de su empleo. *Una vez establecido lo anterior, el patrono deberá alegar y fundamentar una razón legítima y no discriminatoria para el despido. De alegar y fundamentar el patrono dicha razón, el empleado deberá demostrar que la razón alegada por el patrono es un mero pretexto para el despido.* (Énfasis suplido.)

La disposición antes transcrita claramente demuestra que, con relación a este tipo de caso laboral, el legislador entendió necesario, al balancear los intereses del patrono y del obrero, recalcar y enfatizar que para tener derecho al remedio que concede la Ley Núm. 115, *supra*, el obrero querellante tiene que probar la violación a las disposiciones de la ley, mediante evidencia directa o circunstancial. Para facilitar el *onus probandi* que le impuso al obrero, dispuso que éste establecería un caso prima facie cuando presentase evidencia, directa o circunstancial, que probase: *primero*, que participó en una de las actividades protegidas por la ley, y, *segundo*, que subsiguientemente fue despedido o amenazado o sufrió discrimen en el empleo. La ley crea una presunción *juris tantum* de violación a ésta a favor del querellante, al disponer que éste establece un caso prima facie una vez prueba que participó en una actividad protegida y que fue subsiguientemente despedido, amenazado o discriminado en el empleo. Una vez el querellante establece de forma prima facie su caso, el patrono deberá *alegar* y *fundamentar* que tuvo una razón legítima y no discriminatoria para el despido. Ante esto, el empleado aún puede prevalecer si prueba que la razón alegada por el patrono es un simple pretexto para el despido discriminatorio.

Veamos cómo funciona este procedimiento en el caso de autos. Este es un caso que se está ventilando al amparo del procedimiento sumario de la Ley Núm. 2, *su-*

*pra*, en el cual al querellado Fastening se le ha anotado la rebeldía por no haber contestado la querella dentro de los términos establecidos por dicha ley. Debemos tener presente que con relación a un caso que se ve en rebeldía, la parte querellante lo prueba mediante alegaciones de hechos específicos contenidas en la demanda o querella, hechos que al anotarse la rebeldía se dan por admitidos.

■ Comenzaremos examinando las alegaciones de la querella. La alegación principal sobre violación a la Ley Núm. 115, *supra*, es escueta y conclusoria, y carece de hechos que la avalen. Ésta dispone: "El despido de la querellante se debió a que el patrono discriminó y/o violó y/o amenazó contra la querellante, con relación a los términos y condiciones, compensación, ubicación y beneficio o privilegio del empleo cuando la querellante ofreció o intentó ofrecer testimonio ante un Foro Administrativo." Claramente, en este caso la alegación no contiene hecho alguno sobre el cual fundamentar la concesión de una sentencia en rebeldía al amparo de la Ley Núm. 115, *supra*.[8] Reiteramos enfáticamente que el procedimiento sumario establecido por la Ley Núm. 2, *supra*, "no es, ni puede ser, una carta en blanco para la concesión de remedios a obreros que no han justificado adecuadamente, mediante alegaciones o prueba, hechos que avalen su derecho a lo recla-

---

[8] Nos preocupa lo dicho por el Tribunal de Circuito de Apelaciones en *Rodríguez v. Marshalls, Inc.*, Sentencia de 28 de junio de 1995, KLCE95-00100, en relación con otros casos de acciones bajo la Ley Núm. 115, *supra*, llevados por el mismo abogado que representó a la querellante en el caso ante nos:

"... tomamos conocimiento judicial de que en los siguientes casos ante este Tribunal, el Lcdo. Ángel Marrero Figarella figura como abogado de la parte querellante: *Lucía Torres Vázquez v. Goya de Puerto Rico*, KLCE-95-00116; *María Isabel Oyola Nieves v. Joyería Goldmine*, KLCE95-002246; *Isaac Ortiz Figueroa v. Dencaribe*, KLCE95-00353.

"En todos estos casos se presentan querellas con alegaciones estereotipadas, esquemáticas y concluyentes entre las que se incluyen reclamaciones de daños morales por ansiedad, insomnio, profundos dolores y angustias. Además en todos estos casos, tan pronto transcurrió el plazo que establece la Ley Núm. 2 para contestar la querella, el querellante presentó una moción para que se dicte sentencia en rebeldía y presentó otra moción donde reclama sumas en concepto de compensación, penalidad, honorarios e intereses que no se incluyeron en la querella original."

mado". *Rivera v. Insular Wire Products Corp.*, 140 D.P.R. 912, 928 (1996).

A pesar de que en este caso Fastening no cumplió con el término para contestar la querella, ni solicitó prórroga ni dio razones para su tardanza y, por lo tanto, procedía la anotación de rebeldía en su contra bajo la Ley Núm. 2, *supra*, no procedía dictar sentencia en rebeldía para conceder los remedios estatuidos en la Ley Núm. 115, *supra*. Erró el foro de instancia al así hacerlo. La querellante simplemente hizo una serie de alegaciones conclusorias sin hecho alguno. Estas alegaciones no cumplen con los requisitos mínimos para que el foro de instancia pudiese dictar sentencia en rebeldía al amparo de la citada Ley Núm. 115. *Rivera v. Insular Wire Products Corp.*, supra. Ahora bien, esto no resuelve la controversia ante nuestra consideración. Si bien es cierto que la querellante no tenía derecho a que se dictase sentencia en rebeldía a su favor para conceder los remedios de la Ley Núm. 115, *supra*, no es menos cierto que de las alegaciones de la querella, interpretadas éstas liberalmente a su favor, se puede colegir que sí hizo una reclamación válida con especificidad suficiente como para que se pudiese dictar sentencia en rebeldía en cuanto a un despido injustificado bajo la Ley Núm. 80 de 30 de mayo de 1976 (29 L.P.R.A. sec. 185a *et seq.*). Al amparo de esta ley tenía derecho a un remedio en rebeldía. Un análisis de los hechos alegados en la demanda refleja que en cuanto a esta reclamación, las sencillas y sucintas alegaciones de hecho en la querella son suficientes para que se pueda conceder en rebeldía el remedio solicitado. Después de todo debe tenerse presente que los tribunales concederán lo que proceda en derecho, no lo que se les solicita. Regla 43.6 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Sánchez v. Eastern Air Lines, Inc.*, 114 D.P.R. 691, 695 (1983).

En conclusión, procedía que el foro de instancia dictase sentencia en rebeldía en la que concediera el remedio por despido injustificado bajo la Ley Núm. 80, *supra*. Ahora

bien, en cuanto al remedio al amparo de la Ley Núm. 115, *supra*, aunque no procedía su concesión en esta etapa de los procedimientos, al regresar el caso al tribunal de instancia este debe determinar si a tenor con lo resuelto en *Rivera v. Insular Wire Products Corp.*, supra, el caso debe continuar por la vía sumaria o si se debe encauzar por la vía ordinaria.([9])

Por los fundamentos antes expuestos, se dictará *sentencia para modificar en parte la emitida por el Tribunal de Circuito de Apelaciones en cuanto en ésta se dispone que el querellado conteste la querella enmendada. Se ordena, además, que se devuelva el caso al Tribunal de Primera Instancia para que dicho tribunal dicte sentencia en rebeldía en cuanto a la reclamación por despido injustificado al amparo de la Ley Núm. 80, supra, y continúe los procedimientos de forma compatible con lo aquí resuelto.*

El Juez Asociado Señor Fuster Berlingeri emitió una opinión concurrente y disidente. El Juez Asociado Señor Negrón García disintió con una opinión escrita. El Juez Asociado Señor Rebollo López no intervino.

— O —

Opinión concurrente y disidente emitida por el Juez Asociado Señor Fuster Berlingeri.

Concurro con los pronunciamientos normativos de la mayoría, vertidos en su opinión en este caso, excepto los referentes a la Ley Núm. 115 de 20 de diciembre de 1991 (29 L.P.R.A. sec. 194 *et seq.*).

---

([9]) Al regresar el caso a instancia, el tribunal tiene amplia discreción para determinar si celebra una conferencia inicial sobre el estado del caso con el propósito de canalizar los procedimientos de la forma que mejor logre un balance adecuado y proteja, tanto los intereses del obrero como los del patrono. Esto podría incluir cosas tales como: el acortar términos, limitar el descubrimiento de prueba y la presentación de mociones y la obtención de admisiones, entre otras cosas.

Surge de su propio texto que la Ley Núm. 115, *supra*, se aprobó con el propósito claro de *ampliar* la protección jurídica a obreros y empleados frente a represalias de sus patronos por la participación de aquéllos en investigaciones oficiales. Se trata de una legislación indudablemente en favor del trabajador.

En vista de la evidente naturaleza de la citada Ley Núm. 115, es realmente incomprensible que una mayoría de este Tribunal se fundamente en esa legislación para fijar *limitaciones* al procedimiento sumario establecido por la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. sec. 3118 *et seq.*), el cual tiene como objetivo expeditar las reclamaciones laborales de obreros o empleados contra sus patronos. No tiene coherencia jurídica alguna que de una ley que busca favorecer al trabajador se infieran limitaciones a otra ley que también tiene el propósito de favorecer al trabajador.

Sorprende también que se interprete la Ley Núm. 115, *supra,* como fuente para establecer requisitos procesales más rigurosos que los ordinarios, en casos como el de autos, cuando el propósito patente de esa ley es precisamente el de *liberalizar* tales requisitos en dichos casos. Así, no sólo se desacata, sino que se invierte el claro propósito legislativo. Veamos.

I

En nuestro ordenamiento procesal civil, de ordinario, cuando procede la anotación de rebeldía se dan por admitidas las aseveraciones contenidas en las alegaciones del reclamante. Regla 45.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Tales aseveraciones deben ser sencillas y concisas, y no se exigen fórmulas o términos técnicos en su redacción. Regla 6.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Conforme a estos principios fundamentales de derecho procesal civil, una aseveración específica, como la contenida en la alegación número cuatro (4) de la parte quere-

llante en el caso de autos, que aducía concretamente que el patrono había discriminado contra ésta en cuanto a sus condiciones de empleo, "cuando la querellante ofreció o intentó ofrecer testimonio ante un foro administrativo", es suficiente en derecho para perfilar la reclamación en cuestión y trabar la controversia correspondiente. *Moa v. E.L.A.*, 100 D.P.R. 573 (1972); *Sierra v. Tribunal Superior*, 81 D.P.R. 554 (1959). Dicha aseveración, aunque algo vaga en su redacción, contiene claramente la *alegación* de dos (2) *hechos* esenciales: (*a*) que el trabajador sufrió discrimen, (*b*) por intentar ofrecer testimonio ante un foro administrativo. No se trata de una alegación exclusivamente conclusoria, pues implica *actos* realizados por el patrono. Alega hechos necesariamente. Por ende, dicha aseveración tiene que ser dada por admitida, en vista de que el querellado estaba en rebeldía, ya que no había contestado la acción en su contra dentro del término taxativamente fijado para este procedimiento especial. La Ley Núm. 2, *supra*, que *ordena* que se dicte sentencia en rebeldía cuando el querellado no ha contestado en la forma y manera que exige dicha ley, no establece excepciones como las que la mayoría reconoce en el caso de autos. 32 L.P.R.A. sec. 3121. Tampoco las establece las propias Reglas de Procedimiento Civil.

La mayoría entiende, sin embargo, que la citada Ley Núm. 115 exige alegaciones de hechos específicos más detalladas que las que formuló el querellante aquí. Llega a tal conclusión, *no porque la ley aludida así lo disponga*, sino porque *infiere* que dicha ley impone lo que, en efecto, son requisitos evidenciarios especiales para los casos en que se solicitan los remedios provistos por ésta.

¿Existen tales requisitos evidenciarios especiales dimanantes de la Ley Núm. 115, *supra*, que, según la conjetura de la mayoría, impliquen lo que, en efecto, sería un cambio en el régimen procesal ordinario sobre alegaciones? Examinemos el Art. 2 de dicha ley, 29 L.P.R.A. sec. 194a, que es el

pertinente para determinar si la interpretación de la mayoría es correcta.

La primera parte del referido artículo indica que el empleado en situaciones como la de autos deberá probar su alegación "mediante evidencia directa o circunstancial". Esta primera disposición del Art. 2, *supra,* sólo reitera la norma más común del derecho de prueba. Obviamente, no establece ningún requisito evidenciario especial.

El Art. 2 de la Ley Núm. 115, *supra,* entonces dispone que si el empleado establece que fue sancionado luego de participar en una actividad protegida, ello constituye prueba prima facie de la violación por el patrono de la Ley Núm. 115, *supra.* Aquí dicha ley sí se aparta del régimen ordinario del derecho de prueba. Crea una presunción *juris tantum* en favor del obrero, que es el meollo del referido artículo 2. Pero dicha disposición, por sus propios términos y lógica, *no constituye de modo alguno un requisito evidenciario adicional.* Por el contrario, constituye más bien un medio de *relevar al trabajador de tener que presentar prueba en apoyo de su contención.* La aludida disposición es de carácter especial, ya que establece una *excepción* a la norma ordinaria sobre la prueba de hechos esenciales a una causa de acción. Facilita que el trabajador fundamente su caso. Pero no es un requisito evidenciario adicional que el trabajador deba satisfacer para prevalecer, como la mayoría, en efecto, erróneamente supone. Más aún, lo allí dispuesto nada tiene que ver realmente con las alegaciones, ni con la admisión de las aseveraciones contenidas en éstas, en casos de rebeldía. Ciertamente, lo dispuesto en la Ley Núm. 115, *supra,* tanto por su letra como por su espíritu, no exige *alegaciones de hecho* más concretas o específicas que las formuladas por la querellante aquí. Por ello, es incomprensible la supuesta inferencia que la mayoría hace partiendo de su interpretación de la Ley Núm. 115, *supra.* No hay nada en esa legislación que dé pie, ni siquiera remotamente, para la interpretación de la mayoría.

Si algo, sería lo contrario lo que se podría inferir de éste, dado su carácter evidentemente en favor del trabajador.

## II

La desacertada interpretación que la mayoría hace de la Ley Núm. 115, *supra*, en las circunstancias de este caso tiene, además, otra desafortunada vertiente. Constituye otro eslabón más en la trayectoria iniciada en *Rivera v. Insular Wire Products Corp.*, 140 D.P.R. 912 (1996), de restringir judicialmente, mediante una técnica *ad hoc*, el alcance de la Ley Núm. 2, *supra*, sólo a los casos más simples e insulsos.

Como he señalado antes, este curso de acción de la mayoría es improcedente. No le toca a este Foro "legislar" para corregir las supuestas limitaciones del procedimiento sumario de la Ley Núm. 2, *supra*. La actuación de la mayoría a tales fines constituye una clara invasión de las prerrogativas del Poder Legislativo.

Además, la referida acción de la mayoría es realmente innecesaria. Puede haber situaciones en las cuales no cabe aplicar los términos breves y rigurosos del procedimiento especial que establece la Ley Núm. 2, *supra*. *¡Pero resulta que ello está contemplado en la propia ley!* Dicha legislación incluye medios para atender las situaciones excepcionales. Así, pues, si la reclamación del trabajador es tan compleja que el patrono no puede contestarla en diez (10) días, la propia Ley Núm. 2, *supra*, autoriza un mecanismo de prórroga. Lo correcto, pues, es que se insista en los medios que la ley misma provee para tales situaciones, en lugar de estar debilitando dicha pieza legislativa caso a caso por puro fíat judicial, como otra vez vuelve a hacerlo la mayoría en el caso de autos.

El proceder mayoritario, más aún, crea una seria incertidumbre para los tribunales de instancia y para el Tribunal de Circuito de Apelaciones con respecto a los casos que

se inician al amparo de la citada Ley Núm. 2. La clara incompatibilidad de la opinión mayoritaria en el caso de autos y en *Rivera v. Insular Wire Products Corp.*, supra, frente a lo que resolvimos en *Mercado Cintrón v. Zeta Comm., Inc.*, 135 D.P.R. 737 (1994), da lugar a una situación de confusión en cuanto a cuál es el derecho aplicable en los referidos casos. Desde hace algún tiempo ya, no pasa un mes sin que este Foro no reciba uno o varios recursos de revisión que plantean problemas precisamente en cuanto a cuál es la aplicación correcta de la Ley Núm. 2, *supra.* Tenemos evidencia fehaciente de que existen serios conflictos, tanto entre foros de instancia como entre paneles del Tribunal de Circuito de Apelaciones, sobre el particular. Unos jueces resuelven o deciden una cosa sobre la citada Ley Núm. 2 y otros jueces resuelven o deciden lo contrario en casos esencialmente iguales. Unos querellantes logran vindicar sus derechos expeditamente al amparo de las leyes laborales y otros no, dependiendo del juez o del panel de jueces que atienda su caso. Esta creciente falta de uniformidad, y de trato igual, surge de confusiones y criterios dispares generados por las inconstancias de este Foro. La situación amenaza con tomar un cariz de caos.

El proceder de la mayoría, como ya he señalado antes, es lamentable también porque atenta contra una importante política de justicia social del país. Como se sabe, la Ley Núm. 2, *supra*, intenta proteger al trabajador en la lucha desigual que éste encara, cuando se ve en la necesidad de demandar a su patrono, para lograr derechos importantes que estima que se le han conculcado. Persigue reducir en algo la relativa indefensión del trabajador, que de ordinario encara un adversario de recursos superiores en la contienda litigiosa. Más importante aun, dicha ley persigue, además, resolver la disputa laboral a la brevedad posible porque el trabajador despedido puede estar carente de los recursos mínimos necesarios para su subsistencia y la de los suyos. Opiniones como las de la mayoría en el caso

de autos atentan contra estos objetivos de gran justicia social y niegan, por ende, la razón de ser de este Foro.

Por todo ello, disiento.

— O —

Opinión disidente del Juez Asociado Señor Negrón García.

Nuevamente recordamos a E. Couture en su obra magistral *Los Mandamientos del Abogado*, 9na ed., Buenos Aires, Ed. Depalma, 1986, pág. 46. Allí dijo que "[l]as verdades jurídicas como si fueran de arena, difícilmente caben todas en una mano; siempre hay algunos granos que, querámoslo o no, se escurren de entre nuestros dedos y van a parar a manos de nuestro adversario".

I

Es de correcta juridicidad la sentencia del Tribunal de Circuito de Apelaciones, la cual resuelve que la *Moción Suplementando Otra Solicitud Se Dicte Sentencia* presentada por la querellante, *Carmen Marín Kuilan*, constituyó una enmienda sustancial a las alegaciones de su querella original y, por ende, los querellados *Teddy Díaz Fastening Systems, Inc. y otros*, tenían derecho a una nueva oportunidad para contestarla *en su totalidad.*

Si sustituimos el título de la moción supletoria por el de *"Querella Enmendada"* (apéndice), nos percatamos de que, distinto a la conclusión mayoritaria, ésta fue más allá de sólo añadir cómputos específicos a las cantidades ya reclamadas; por el contrario, enmendó las alegaciones originales e incluyó nuevas reclamaciones y remedios. Su contenido y sustancia reflejan las alegaciones típicas de la práctica forense, que son necesarias para formular con validez las distintas causas de acción.

## II

La Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. sec. 3118 *et seq.*), que establece un procedimiento sumario para reclamaciones obrero-patronales, *no es un esquema procesal férreo*, ajeno a las Reglas de Procedimiento Civil ni al debido proceso de ley. Aquellas se aplican *supletoriamente* a todo lo que no esté en conflicto con sus disposiciones características.[1]

Así, aun cuando la Ley Núm. 2, *supra*, guarda silencio sobre el trámite que se ha de seguir para enmendar una querella, hemos reconocido la aplicabilidad de las Reglas 13.1 y 13.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, con respecto a las enmiendas a las alegaciones originales. *Díaz v. Hotel Miramar Corp.*, 103 D.P.R. 314, 321–322 (1975); *Matos Velázquez v. Proctor Manufacturing Corp.*, 91 D.P.R. 45 (1964).

Si bien los tribunales estamos obligados a darle un estricto cumplimiento al procedimiento sumario instituido por la Ley Núm. 2, *supra*, ciertamente hemos de reconocer que el debido proceso de ley no le es incompatible ni antagónico. Una vez establecido que la denominada moción supletoria presentada por la querellante Marín Kuilan realmente fue una enmienda a sus alegaciones de la querella original, *Teddy Díaz Fastening Systems, Inc. y otros* tenían derecho a que se les notificara de esas enmiendas —Regla 67.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III— para darle la oportunidad de presentar sus alegaciones responsivas. Ese derecho queda inmolado con la decisión mayoritaria.

Confirmaríamos al Tribunal de Circuito de Apelaciones, no sin antes dejar constancia de nuestra preocupación por

---

[1] La Sec. 3 de la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. sec. 3120), dispone, en lo pertinente:

"En los casos que se tramiten con arreglo a la secs. 3118 a 3132 de este título, se aplicarán las Reglas de Procedimiento Civil *en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por las secs. 3118 a 3132 de este título.*" (Énfasis suplido.)

la mezcla de varios conceptos de naturaleza procesal y sustantiva en la opinión mayoritaria. Muy distantes éstos de nuestra misión de pautar con claridad el Derecho.

# APENDICE A

# [¿QUERELLA ENMENDADA?]

## MOCION SUPLEMENTANDO OTRA SOLICITANDO SE DICTE SENTENCIA

AL HONORABLE TRIBUNAL:

Comparece la parte querellante por conducto de su representación legal que suscribe y muy respetuosamente EXPONE, ALEGA Y SOLICITA:

1. Se adopta por referencia y se hace formar parte de esta moción, nuestra moción solicitando se anote rebeldía y se dicte sentencia, fechada y radicada el 13 de junio de 1995.

2. Que la querellante ganaba, según surge del párrafo tres (3) de la querella, $4.25 la hora y fue despedida el 19 de julio de 1994.

3. Que en la querella se reclama que el despido de la querellante se debió a que el patrono discriminó, y/o violó, y/o amenazó contra el querellante, con relación a los términos y condiciones, compensación, ubicación y beneficios o privilegios del empleo cuando el querellante ofreció o intentó ofrecer testimonio ante un foro administrativo, lo cual está prohibido por las Leyes del Trabajo de Puerto Rico, 29 L.P.R.A. 194a que dispone lo siguiente:

"(a) Ningún patrono podrá despedir, amenazar, o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley.

(b) Cualquier persona que alegue una violación a las secs. 194 et seq. de este título podrá instar una acción civil en contra del patrono dentro de tres(3) años de la fecha en que ocurrió dicha violación y solicitar se le compense por los daños reales sufridos, las

angustias mentales, la restitución en el empleo, los salarios dejados de devengar, beneficios y honorarios de abogado. La responsabilidad del patrono con relación a los daños y a los salarios dejados de devengar será el doble de la cuantía que se determine causó la violación a las disposiciones de dichas secciones."

4. Por lo que es obligatorio se ordene la restitución en el empleo, que para el 19 de mayo de 1995, lleva diez (10) meses fuera del empleo y por tanto procede se le compense en la cantidad de $14,620.00, ($4.25 x 40 horas = $170.00 x 4.3 semanas = $731.00) más la penalidad, para un total de $1,462.00 ($731.00 x 2 = $1,462.00 x 10 meses = $14,620.00) (29 L.P.R.A. 194a(b) y asimismo dicha cantidad sea aumentada mes tras mes por la suma de $1,462.00, hasta tanto el querellante sea restituido en su empleo a partir del 19 de mayo de 1995 y se ordene el cese y desista de la conducta ilegal del querellado.

5. Se le compense además en la cantidad de $15,351.00 por horas extras. (Se desglosan de la siguiente manera; $4.25 x 2 (doble) = $8.50 x 10 horas semanales = $85.00 x 4.3 semanas en un mes = $315.50 x 21 meses (surge del párrafo 3 de la querella que empezó a trabajar el 28 de septiembre de 1989 y fue despedida el 19 de julio de 1994) = $7,675.50 x 2 (penalidad) = $15,351.00.

6. Las cantidades anteriores hacen un sub-total se $29,971.00.

7. Procede además, se le compense de acuerdo con la sección 194a(b) [29 L.P.R.A. 194a(b)] por los daños y angustias mentales sufridos como consecuencia del discrimen y por no haber podido conseguir trabajo, a pesar de las gestiones que ha hecho tal y como se alegó en el párrafo seis (6) de la querella, por la cantidad no menor de $75,000.00 dólares. Así mismo debe compensársele según dicha legislación, [29 L.P.R.A. 194a(b)] por el doble de la cuantía de daños y angustias mentales.

8. Finalmente procede que este Honorable Tribunal imponga intereses al 9.5% anual según fijado por la Junta Financiera, más una cantidad equivalente al 30% del total de la sentencia por concepto de honorarios de abogado, según dispuesto en la sección 15 de la Ley Núm. 2 de 17 de octubre de 1961, según enmendado, 32 L.P.R.A. Sec. 3132 y en la Sección 194a(b), anteriormente citada.

POR TODO LO CUAL, de este Honorable Tribunal se solicita muy respetuosamente, dicte sentencia declarando CON LUGAR la presente moción y provea de conformidad con cualquier otro pronunciamiento que en derecho proceda.

POR TODO LO CUAL, de este Honorable Tribunal se solicita muy respetuosamente, dicte sentencia declarando CON LUGAR la presente moción y provea de conformidad con cualquier otro pronunciamiento que en derecho proceda.

RESPETUOSAMENTE SOMETIDO,

En Bayamón, Puerto Rico, a 14 de junio de 1995.

ANGEL MARRERO FIGARELLA
AVE. INTE. NELSON MARTINES
11-8 ALTURAS DE FLAMBOYAN
BAYAMON, PR 00959
TELS. 785-0191/786-4242
COL. NUM. 6575

SUPLEMEN-CAR