*834 TEXTO COMPLETO DE LA RESOLUCIÓN
AutoZone de Puerto Rico, Inc. (AutoZone) nos pide que revisemos una resolución dictada por el Tribunal de Primera Instancia, Sala de Bayamón, mediante la cual denegó una solicitud para que el caso del título, iniciado como uno sumario al amparo de la Ley Número 2 de 17 de octubre de 1961, 32 L.P.R.A. 3118 et seq., sea tramitado de manera ordinaria.
Por los fundamentos que discutiremos, se deniega la expedición del auto de certiorari solicitado.
I
El 23 de junio de 2009, el Sr. Eddie B. Ayala Santiago, aquí recurrido, presentó una querella contra AutoZone al amparo del procedimiento sumario dispuesto en la Ley Número 2, supra. En la querella presentada, alegó que fue reclutado el 17 de septiembre de 2007 por AutoZone para ocupar un puesto de “Commercial Specialist” para *835 trabajar en la tienda ubicada en el pueblo de Vega Baja. Sostuvo además, que por su buen desempeño, fue ascendido al puesto de “Commercial Manager” en la misma tienda. Para junio de 2008, el supervisor inmediato del Sr. Ayala le notificó que no podía continuar en el puesto de “Commercial Manager” debido a que alegadamente tenía unos boletos de tránsito en su récord. Adujo que nunca se le informó que como requisito de su puesto no podía incurrir en infracciones de tránsito. En virtud de las razones expresadas, el Sr. Ayala fue descendido al puesto de “Part Sales Manager”, lo que conllevó una reducción salarial.
Alegó también el Sr. Ayala que no estuvo de acuerdo con el cambio, por lo que solicitó asesoramiento ante el Negociado de Normas del Trabajo y Recursos Humanos. Como consecuencia de ello, fue despedido de su empleo. Sostuvo que AutoZone utilizó como pretexto para el despido unas boletas manuales hechas a clientes comerciales, las cuales eran realizadas como uso y costumbre por la compañía.
En virtud de los hechos narrados en la querella, el recurrido solicitó una indemnización ascendente a $3,987.00 en concepto de mesada. Además, adujo que el despido fue contrario a la Ley de Represalias, Número 115 de 20 de diciembre de 1991, 11 L.P.R.A. See. 194 et. seq. Reclamó daños ascendentes a $50,000 y honorarios de abogado.
AutoZone fue emplazada el 11 de agosto de 2009; el 21 de agosto presentó su alegación responsiva. Tres días después, solicitó que el caso se tramitara bajo el procedimiento ordinario. Sostuvo que la querella presentada no constituía una reclamación cuyos hechos esenciales podían verificarse fácilmente en documentos que el patrono esté obligado por ley a recopilar. Adujo que una reclamación por concepto de daños y angustias mentales requiere presentar prueba pericial y documental, tanto para probar la validez de la reclamación.
El 17 de septiembre de 2009 notificada el 29 de septiembre siguiente, el foro recurrido dictó una resolución, mediante la cual denegó el pedido de AutoZone.
Inconforme con la resolución dictada por el foro primario, AutoZone presentó ante nos recurso de certiorari, en el que sostiene que erró el tribunal recurrido al negarse a tramitar el caso por la vía ordinaria. Expresa que la Ley Número 2, supra, limita el uso de mecanismos de descubrimiento de prueba y establece un término breve para contestar la querella y que, aunque limitadamente, se permite la revisión de resoluciones interlocutorias mediante el recurso de certiorari para evitar un fracaso de la justicia o cuando el tribunal actúa sin jurisdicción.
Expresa AutoZone que en el presénte caso, no revisar la orden equivale a una violación a su debido proceso de ley y constituiría un fracaso de la justicia. En apoyo a su planteamiento, sostiene que la naturaleza sumaria del procedimiento establecido al amparo de la Ley Número 2, supra, se fundamenta en que las reclamaciones se basan en información y documentos que el patrono tiene y debe de preservar como récords de negocios. Expresa que las alegaciones y causas de acción contenidas en la querella justifican tramitar el caso al amparo del procedimiento ordinario, porque no se trata de una mera reclamación de salarios adeudados, ni de despido injustificado, sino que surgen causas de acción sobre represalias y daños y angustias mentales. Sostiene que la prueba, en este caso, está en posesión del recurrido y de terceros ajenos al patrono, tales como profesionales médicos y/u hospitales. Por tal razón, interesa utilizar peritos que analicen los daños y angustias mentales alegadas, a deponer a médicos y otros testigos y a revisar los expedientes médicos del recurrido.
Sin el beneficio de la comparecencia del recurrido, resolvemos.
n
La Ley Núm. 2, § 3118 et seq., establece un procedimiento sumario para los casos de reclamaciones instadas por obreros y empleados contra sus patronos por servicios prestados, respondiendo a la política pública clara e inequívoca establecida por el Estado de abreviar dicho procedimiento, de manera que sea lo menos oneroso posible para el obrero. Ríos Moya v. Industrial Optics y/o Centro Visual del Norte, 155 D.P.R. 1, 10 (2001); *836 Dávila, Rivera v. Antilles Shipping, Inc., 147 D.P.R. 483, 492 (1999).
La esencia y médula del trámite fijado por la Ley Núm. 2, constituye precisamente el procesamiento sumario y expedito. Santiago v. Palmas del Mar Properties, Inc., 143 D.P.R. 886, 891 (1997); Marín v. Fastening Systems, Inc., 142 D.P.R. 499, 515 (1997); Rivera v. Insular Wire Products Corp., 140 D.P.R. 912, 923 (1996). En otras palabras, la naturaleza sumaria del procedimiento establecido constituye su característica esencial. Srio. del Trabajo v. J.C. Penney Co., Inc., 119 D.P.R. 660, 665 (1987).
Asimismo, las normas establecidas en la Ley Núm. 2, intentan evitar que el patrono dilate innecesaria y viciosamente los procedimientos judiciales, sin negar una pronta y justa solución para ambas partes. León v. Restaurante El Tropical, 154 D.P.R. 249, 259 (2001).
Nuestro ordenamiento jurídico ha sostenido que "[e]l hecho de que en ocasiones las circunstancias especiales de algún caso particular requieran alguna flexibilidad en la aplicación de la Ley Núm. 2, de ningún modo da carta blanca para soslayar en cualquier caso el inequívoco y mandatorio precepto de rapidez en el trámite judicial estatuido en dicha ley. De ordinario, existe otra alternativa que no sea la rigurosa aplicación de los términos taxativos de la Ley Núm. 2. Sólo en casos excepcionales, cuando median circunstancias especiales, podemos ser más flexibles". Mercado Cintrón v. Zeta Com., Inc., 135 D.P.R. 737, 742 (1994).
Es norma reiterada que cuando se entabla una reclamación bajo el procedimiento sumario y se notifica al patrono querellado con copia de la querella, éste viene obligado a presentar su contestación dentro de unos términos más cortos que los provistos para los procedimientos ordinarios. Sobre el particular, la Sección 3 de la Ley Núm. 2 dispone que una vez presentada la querella, la parte querellada deberá radicar su contestación por escrito, "dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle". 32 L.P.R.A. § 3120. La razón es conocida, el propósito fundamental de la Ley Núm. 2, es viabilizar un procedimiento sumario a favor de los ciudadanos que evite toda dilación judicial en el reclamo de sus derechos laborales.
La Ley Núm. 2, supra, en su Sección 3, según enmendada, 32 L.P.R.A. see. 3120, establece en lo pertinente:
“En los casos que se tramiten con arreglo a las sees. 3118 a 3132 de este título, se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por las sees. 3118 a 3132 de este título; Disponiéndose, en relación con los medios de descubrimiento anteriores al juicio autorizados por las Reglas de Procedimiento Civil, que la parte querellada no podrá usarlos para obtener información que debe figurar en las constancias, nóminas, listas de jornales y demás récords que los patronos vienen obligados a conservar en virtud de las disposiciones de la Ley de Salario Mínimo y los reglamentos promulgados al amparo de las mismas, excepto cualquier declaración prestada o documento sometido por la parte querellante en cualquier acción judicial; y que ninguna de las partes podrá someter más de un interrogatorio o deposición ni podrá tomar una deposición a la otra parte después que le haya sometido un interrogatorio, ni someterle un interrogatorio después que le haya tomado una deposición, excepto que medien circunstancias excepcionales que a juicio del tribunal justifiquen la concesión de otro interrogatorio u otra deposición. No se permitirá la toma de deposición a los testigos sin la autorización del tribunal, previa determinación de la necesidad de utilizar dicho procedimiento.”
En cuanto a las limitaciones al descubrimiento de prueba establecidas en la referida ley, en Dávila, Rivera v. Antilles Shopping, Inc., 147 D.P.R. 483, 501-501 (1999), nuestro Tribunal Supremo expresó:
Esta disposición surge a raíz de la preocupación del legislador por el hecho de que la interpretación que este Tribunal dio a la ley anterior sobre reclamación de salarios, Ley Núm. 10 de 14 de noviembre de 1917 (32 L.P.R. *837 A. ant. see. 3101 et seq.), permitía que el patrono realizara un descubrimiento de prueba tan completo como permitían las Reglas de Procedimiento Civil. El legislador entendió que el uso de diferentes y múltiples mecanismos de prueba, en el seno del procedimiento que establece la Ley Núm. 2 retardaba mucho el proceso y podía ser usado por los abogados de los patronos como una táctica dilatoria del mismo.
Por los fundamentos anteriores, el legislador decidió limitar el uso de los mecanismos de descubrimiento de prueba en la forma que expondremos a continuación. Por un lado, la See. 3 de la Ley Núm. 2 establece que no podrá someterse a la otra parte a más de un interrogatorio o deposición ni podrá tomársele una deposición después de haberle sometido un interrogatorio y viceversa, con la única excepción de que medien circunstancias excepcionales que ajuicio del tribunal justifiquen otra deposición o interrogatorio.
Como se puede apreciar, la limitación expresa de la ley en cuanto al número de interrogatorios o deposiciones que pueden tomarse se refiere a aquellos que se dirigen a la parte en el pleito. Así surge claramente tanto de la letra de la Ley como del historial legislativo de la misma, en el que consta lo siguiente:
“Se limita al litigante, además, a someter un sólo interrogatorio, o una sola deposición no permitiéndosele tomar deposición a la parte adversa si ya le ha sometido un interrogatorio y viceversa.” (Énfasis suplido.) Diario de Sesiones, supra, pág. 155. [Notas omitidas].
Por otro lado, en Berríos v. González et al., 151 D.P.R. 327, 345 (2000), nuestro Tribunal Supremo resolvió que una reclamación por angustias mentales puede ser tramitada dentro del proceso sumario de la Ley Núm. 2. Expresó que “[d]e ordinario, una reclamación en concepto de angustias mentales requiere la presentación de prueba pericial y documental, tanto para probar la validez de la reclamación como para que la parte adversa pueda defenderse adecuadamente. En específico, la adecuada defensa de alegaciones de daños en concepto de angustias mentales depende deforma crucial del alcance y efectividad del descubrimiento de prueba que se realice. Esta es una etapa significativa para la parte demandada, ya que como norma general toda la información en torno a la reclamación por angustias mentales está en manos del reclamante. ” [Énfasis suplido], Berríos v. González et al, supra, págs. 345-346. Señaló que “[u]na lectura integral de la Ley Núm. 2 revela que en el caso del patrono querellado, los mecanismos de descubrimiento de prueba se han adoptado para descubrir prueba pertinente a la querella que no pueda ser obtenida por éste de otra forma, ya que no está bajo su control en expedientes, listas o nóminas del trabajo.” Berríos v. González et al., supra, a la pág. 351. También expresó que “[l]a discreción que poseen los tribunales en el esquema de la Ley Núm. 2 para flexibilizar el descubrimiento de prueba, en algunas circunstancias, podría resultar suficiente para conferirle al patrono el mínimo de las garantías constitucionales necesarias sin que se desvirtúe el carácter sumario del proceso.” Berrios v. González et al., supra, a la pág. 346.
m
La Ley Núm. 2, supra, creó un mecanismo procesal con el propósito de lograr una rápida consideración y adjudicación de querellas presentadas por empleados u obreros contra sus patronos. Lucero v. San Juan Star, 159 D.P.R. 494 (2003); Ríos Moya v. Industrial Optics, 155 D.P.R. 1 (2001); Ruiz v. Col. San Agustín, 152 D.P.R. 226 (2000); Berrios v. González et al., 151 D.P.R. 327 (2000); Rivera v. Insular Wire Products Corp., 140 D.P.R. 912 (1996).
El alcance de la Ley Núm. 2 se extiende a varios estatutos laborales. Entre éstos, se encuentran principalmente las querellas por reclamaciones de salarios y beneficios; las instadas por despido injustificado bajo la Ley Núm. 80 de 30 mayo de 1976, 29 L.P.R.A. secs. 185(a) et seq.; las reclamaciones bajo el Art. 5A de la “Ley de Compensaciones por Accidentes del Trabajo”, Ley Núm. 45 de 18 de abril de 1935, según enmendada, 11 L.P.R.A. secs. 1 et seq.; las reclamaciones al amparo del Art. 1 de la “Ley Antidiscrimen”, Ley Núm. 100 de 30 de junio de 1959, 29 L.P.R.A. see. 146; y las reclamaciones al amparo de la Ley Núm. 115 de 20 de diciembre de 1991, conocida como “Ley de Represalias”, 29 L.P.R.A. see. 194 et seq. Véase Berríos v. González et al., ante; Marín v. Fastening Systems, Inc., 142 D.P.R. 499 (1997); Rivera v. Insular Wire Products Corp., ante.
*838 Conforme a la naturaleza de este tipo de reclamación, la Ley Núm. 2 provee un procedimiento expedito para así alcanzar los propósitos legislativos de proteger el empleo, desalentar el despido sin justa causa y proveer al obrero así despedido recursos económicos para su subsistencia mientras consigue un nuevo empleo. Lucero v. San Juan Star, ante; Ruiz v. Col. San Agustín, ante; Rodríguez Aguiar v. Syntex, 148 D.P.R. 604, 612 (1999); Piñero González v. A.A.A., 146 D.P.R. 890, 897 (1998). Siendo el procedimiento sumario al amparo de la Ley 2 uno de carácter reparador, éste tiene que interpretarse liberalmente a favor del empleado. Piñero González v. A.A.A., ante.
No obstante lo anterior, se ha resuelto que los tribunales de instancia, ante un oportuno planteamiento al respecto, tienen discreción para que, luego de hacer un análisis cuidadoso de la naturaleza de la reclamación y de los intereses involucrados, determinen que la querella presentada por el obrero sea tramitada por la vía ordinaria. Berríos v. González, et al, supra. De este modo, el Alto Foro ha señalado que para que los tribunales de instancia puedan hacer una determinación en tomo a cuál procedimiento es el adecuado, deben hacer un “justo balance entre los intereses del patrono y los del obrero querellante, a la luz de las circunstancias específicas de las reclamaciones en la querella.” Berríos v. González et al., ante; Rivera v. Insular Wire Products Corp., ante.
Ahora bien, tal determinación no debe hacerse livianamente. Una mera alegación de la parte querellada en términos de que la reclamación instada en su contra es compleja no justifica la conversión del proceso en uno ordinario. Por lo tanto, las partes deben exponer todas las circunstancias pertinentes del caso para que sean examinadas por el tribunal y de esta manera éste pueda estar en posición de hacer una determinación sobre si encauza el procedimiento por la vía sumaria u ordinaria. Berríos v. González, et al., ante; incluso, el tribunal de instancia, de estimarlo necesario, podrá celebrar una vista para dilucidar esta controversia. Ibid.
En Rivera v. Insular Wire Products Corp., 140 D.P.R.912 (1996), se discutió la aplicabilidad y alcance del proceso sumario que establece la Ley Núm. 2 en el contexto de reclamaciones de índole laboral en las cuales existen causas de acción cuya resolución resulta compleja. Allí, en específico, se le reconoció discreción a los tribunales de instancia para determinar si una querella presentada por un obrero debía ser tramitada por la vía ordinaria, aun cuando el obrero reclamante considerara conveniente tramitarla de forma sumaria. Destacamos que, para hacer esta determinación, los tribunales debían hacer “un justo balance entre los intereses del patrono y los del obrero querellante, a la luz de las circunstancias específicas de las reclamaciones en la querella.” Rivera v. Insular Wire Products, Corp. supra.
Al disponer de las controversias que presentaba el caso, se resolvió que:
“[E]l tribunal de instancia podrá, a la luz de los hechos que se le presenten y el desarrollo procesal del caso, dentro de su discreción, entre otras cosas, continuar ventilando la querella en su totalidad mediante el procedimiento sumario de la Ley Núm. 2; o separar la causa de acción bajo la Ley Núm. 80 y ventilarla prioritariamente mediante el procedimiento sumario, posponiendo la consideración de las otras dos (2) causas de acción, bajo la Ley Núm. 100 y la Ley Núm. 45, y la determinación de si éstas se deben tramitar por la vía ordinaria o por el procedimiento sumario; o, establecer cualquier otro manejo del caso que sea consistente con lo aquí resuelto y propicie el cumplimiento de los propósitos de la legislación laboral y la norma cardinal procesal judicial de dispensar justicia de forma rápida y económica.” Rivera Rivera v. Insular Wire, supra.
Tiempo después, en Marín Kuilan v. Teddy Díaz Fastening Systems, Inc., 142 D.P.R. 499 (1997), al interpretar la Ley Núm. 115 de 20 de diciembre de 1991, 29 L.P.R.A. secs. 194 et seq., en el contexto del procedimiento sumario bajo la Ley Núm. 2, se reafirmó lo resuelto en Rivera v. Insular Wire Products Corp., supra. Ratificando expresiones hechas en Rivera, el Tribunal Supremo expresó que "el procedimiento sumario establecido por la Ley Núm. 2, supra, no es ni puede ser una carta en blanco para la concesión de remedios a obreros que no han justificado adecuadamente, mediante alegaciones o prueba, hechos que avalen su derecho a lo reclamado", id. Finalmente, se instruyó al foro de instancia a que determinara si, conforme a lo resuelto en Rivera *839 v. Insular Wire, supra, ciertas reclamaciones formuladas por la allí querellante al amparo de la Ley Núm. 115, debían ser dilucidadas bajo el proceso sumario que establece la Ley Núm. 2, o si debían ser resueltas bajo el proceso ordinario.
Posteriormente, en Berríos v. González, et al., supra, el Tribunal Supremo tuvo la oportunidad de considerar si una reclamación por concepto de angustias mentales podía ser tramitada de forma sumaria. En esa ocasión se reconocieron las dificultades procesales que pudiera originar la bifurcación de las reclamaciones laborales en un proceso sumario y otro ordinario. Siendo conscientes de ello, el Tribunal Supremo determinó que cuando una reclamación laboral instada bajo el proceso sumario que establece la Ley Núm. 2, planteara varias causas de acción, una o algunas de las cuales, según el criterio del juzgador, planteara controversias cuya resolución resultara particularmente compleja, todas las causas de acción incluidas en la querella debían ser tramitadas en un juicio ordinario.
En resumen, ante un planteamiento oportuno al respecto, el tribunal de instancia, luego de hacer un análisis ponderado de los intereses de las partes en el caso y cuando la justicia así lo requiera, podrá ordenar que se tramite la reclamación por la vía ordinaria. En dichos casos, este Tribunal limitará su función revisora a determinar si el Tribunal de Instancia ha abusado de su discreción al así actuar.
En el caso ante nos, el recurrido presentó en la Querella, aparte de las alegaciones pertinentes al despido injustificado, alegaciones de represalias, daños y angustias mentalés. En virtud de las causas de acción presentadas, AutoZone solicitó la conversión del procedimiento a uno ordinario, lo que fue denegado. Dicha determinación fue tomada en el ámbito de discreción del juez de instancia.
En repetidas ocasiones, el Tribunal Supremo ha expresado que en su misión de hacer justicia la discreción es el más poderoso instrumento reservado a los jueces. Banco Metropolitano v. Berríos, 110 D.P.R. 721, 725 (1981). En el ámbito del desempeño judicial, la discreción no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho, sino una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera. Banco Popular de P.R. v. Municipio de Aguadillo, 144 D.P.R. 651, 657-658 (1997).
En Pueblo v. Ortega Santiago, 125 D.P.R. 203, 211 (1990), se estableció que:
“[E]l abuso de discreción se puede manifestar de varias maneras en el ámbito judicial. Se incurre en ello, entre otras y en lo pertinente, cuando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos.”
En el contexto de esa doctrina, debemos tener presente el alcance de nuestro rol como foro apelativo al intervenir precisamente con la discreción judicial. Así pues, es norma reiterada que este foro no habrá de intervenir con el ejercicio de la discreción del Tribunal de Instancia, salvo en caso de “un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.” Lluch v. España Service, 117 D.P.R. 729, 745 (1986).
Además, y en particular a lo que este asunto concierne, en ánimo de salvaguardar la intención legislativa del procedimiento sumario de reclamación de salarios instituido por la Ley Núm. 2, supra, se ha resuelto que la facultad revisora de las resoluciones interlocutorias que se dicten en el seno de dicho proceso queda limitada y este Foro deberá abstenerse de revisar dichas resoluciones. Dávila, Rivera v. Antilles Shipping, Inc., 147 D.P.R. *840 483 (1999). Esta norma, por supuesto, no es absoluta. Se exceptúan los casos en los que la resolución interlocutoria se haya dictado sin jurisdicción por el tribunal de instancia y situaciones extremas en las cuales los fines de la justicia requieran la intervención del foro apelativo. Ello incluye revisiones que puedan disponer en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una “grave injusticia”. Dávila, Rivera v. Antilles Shipping, Inc., supra.
El auto de certiorari es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. Pueblo v. Colón Mendoza, 149 D.P.R. 630, 637 (1999). Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de certiorari de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera, como ya señalamos. Negrón v. Srio. de Justicia, 154 D.P.R. 79, 91 (2001).
En el caso ante nuestra consideración no nos hemos convencido de que el foro primario hubiera abusado de su discreción o incurrido en craso y manifiesto error de derecho que justifique intervenir con el sano ejercicio de su discreción al emitir la referida Resolución. La controversia ante el foro recurrido tampoco amerita dar al traste con la naturaleza sumaria del procedimiento, ni justifica nuestra intervención.
Por los fundamentos discutidos, se deniega la expedición del recurso de certiorari solicitado.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones