Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| GENOVEVA VALENTÍN SOTO<br><br>Recurrida<br><br>v.<br><br>SERVIDORES PÚBLICOS UNIDOS<br>DE PUERTO RICO,<br>CONCILIO 95 AFSCME Y OTROS<br><br>Peticionaria | KLCE202400389 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2023CV02059<br><br>Sobre:<br>Despido constructivo;<br>Represalias |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Mateu Meléndez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 9 de mayo de 2024.

El 4 de abril de 2024, Servidores Públicos Unidos de Puerto Rico (en adelante, SPUPR o parte peticionaria) instó ante este Tribunal de Apelaciones un recurso de *Certiorari,* mediante el cual ausculta la revisión judicial de la *Resolución* que emitió y notificó el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI o foro primario) el 26 de marzo de 2024, en la causa de epígrafe. Por virtud del aludido dictamen, el foro primario denegó la solicitud de sentencia sumaria que presentó la peticionaria en el caso, así como aquella que sometiera en su favor la Sra. Genoveva Valentín Soto (en adelante, señora Valentín o recurrida) al oponerse a dicha petición.

Evaluado el legajo apelativo, en virtud del derecho aplicable que más adelante consignaremos, resolvemos denegar el auto de *Certiorari*. Veamos.

I

La causa de epígrafe es una de naturaleza laboral por despido injustificado en la modalidad de despido constructivo, así como por

Número Identificador

RES2024 _____

represalias sometida al amparo del procedimiento sumario establecido en la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, 32 LPRA Sec. 3118, *et seq*. Conforme se adujo en la *Demanda*, a causa de una serie de actuaciones hostiles, humillantes y de total menosprecio por parte del Sr. Iram Ramírez- quien en ese entonces era su supervisor- en cuanto a los términos, condiciones, beneficios y privilegios de su empleo como directora de la División Legal de la peticionaria, se vio forzada a renunciar a su puesto de trabajo en la SPUPR.

Específicamente, reclamó que: contrario a lo que ocurrió con otros directores, no se le solicitó un informe de trabajo realizado y pendiente de sus funciones; días más tarde le pagaron una cuantía errónea y menor al resto del personal en cuanto a una bonificación; la excluyeron de reuniones importantes relacionadas a sus funciones como aquella celebrada el 3 de octubre de 2022; y se le cuestionó su participación en otra reunión obrero patronal a la cual acudió como compañía de la presidente del sindicato. De igual modo, alegó que luego de quejarse sobre estos tratos, se le impuso agotar vacaciones por alrededor de 4 meses y fue despojada de sus herramientas de trabajo sobre los expedientes de los casos que como abogada atendía, lo que ocasionó que por miedo a perder su licencia y ante el entendido de no tener otra opción, renunció a su empleo para evitar ser sancionada éticamente e intentar mitigar las probabilidades de perder su licencia.

Al comparecer a defenderse, la peticionaria negó las alegaciones de la *Demanda*. Afirmativamente, argumentó que a la señora Valentín no se le pidió un informe, debido a que el mismo era innecesario pues en ese momento ésta ya no era directora de la división legal desde diciembre de 2014. También, expuso que el pago incorrecto sobre la bonificación especial fue un error administrativo o de nómina, que se corrigió entregándosele la diferencia a la querellante; que el que no se hubiera citado a la recurrida a

reunión no constituía un patrón de vejámenes, humillaciones y conducta intimidante o denigrante como se alegó, pues el señor Ramírez como Director Ejecutivo lleva a cabo reuniones de distinta índole con el personal del sindicato para atender las necesidades de sus respectivas áreas de trabajo. Por último, la peticionaria negó haber cuestionado a la presidenta del concilio, la Sra. Jessica Martínez, la participación de la peticionaria en una reunión obrero- patronal, como asevera en su reclamación. De igual forma, SPUPR aclaró que la imposición de vacaciones no respondió a las quejas presentadas por esta, sino más bien a una acumulación excesiva de vacaciones. También expuso que el requerimiento de entregar sus herramientas de trabajo a la querellante se debió a la necesidad de los expedientes de los casos para que el abogado sustituto pudiese realizar su trabajo mientras esta se encontraba fuera de sus labores.

Posteriormente en el caso, luego de llevarse a cabo el descubrimiento de prueba, SPUPR sometió una *Moción de Sentencia Sumaria* en la cual propuso que en virtud de los documentos que sometía en su apoyo, no existía controversia sobre 98 hechos. En síntesis, allí afirmó que los hechos señalados por la recurrida no cumplen con el rigor de magnitud sustancial que se requiere para que se configure la figura del despido injustificado en su modalidad constructiva o tácita, ni para poder demostrar que fue objeto de represalias. Esto, pues expresar su inconformidad sobre una directriz y solicitar una reunión es insuficiente para que pueda determinarse que la recurrida participó de una actividad protegida bajo el derecho aplicable relativa a las represalias. Añadió que los temores aducidos por la señora Valentín eran infundados, puesto que los asuntos serían atendidos por otros abogados.

El 21 de noviembre de 2023, la recurrida se opuso a la solicitud de sentencia sumaria. Al así hacer, admitió alguno de los hechos incontrovertidos propuestos. Sin embargo, negó muchos de estos por

sostener que la reglamentación citada en estos no estaba vigente a la fecha de los hechos propuestos. Asimismo, más allá de reiterar los hechos alegados en su demanda, destacó que durante los 27 años que laboró para SPUPR nunca había sido despojada de sus herramientas de trabajo, ni desplazada y mucho menos había sufrido el trato que recibió por parte del Sr. Ramírez. Asimismo, sostuvo que a ningún otro empleado o gerencial se le requirió lo mismo que a ella y que por tal razón, el trato y la indiferencia de parte de su patrono crearon para ella unas condiciones de empleo tan intolerables y onerosas que no tuvo otra alternativa que renunciar.

Así las cosas, tras considerar los escritos de las partes y los documentos sometidos por las partes en apoyo a estos, el TPI emitió la *Resolución* recurrida. Allí, identificó 79 hechos sobre los que no encontró controversia y 3 sobre los que sí. Estos últimos, son los siguientes:

1. Si las acciones tomadas por SPUPR en contra de Valentín Soto, luego de culminada la sindicatura, son lo suficientemente onerosas para que se constituya un despido constructivo.

2. Si el haberle impuesto unilateralmente unas vacaciones a Valentín Soto, el despojarla de sus herramientas de trabajo, y no proveerle información referente a los casos que esta llevaba a favor de SPUPR, constituye un claro acto de represalias.

3. De prevalecer en la causa de acción de represalias, cuáles serían los daños y su valoración.

Tras exponer el derecho aplicable, en su *Resolución,* el foro primario concluyó que en el pleito existían controversias de hechos sustanciales que impedían su resolución sumaria. Específicamente, manifestó que existía controversia en cuanto a, "si las actuaciones del supervisor de la querellante al excluirla de reuniones, ignorar su trabajo o posición, ordenarle agotar las vacaciones, entre otras, son elementos suficientes para establecer condiciones onerosas que obligaron a la querellante renunciar." Igual de controvertido consideró la motivación del patrono para tomar las determinaciones que tomó en cuanto a las condiciones de empleo de la recurrida. Por ello, resolvió que en el caso era necesario recibir prueba

testifical y ponderar la credibilidad de los testimonios mediante la celebración de una vista en su fondo, razón por la cual dictaminó que no procedía la solución sumaria del caso.

Inconforme con lo allí resuelto, SPUPR instó el recurso de epígrafe en el que señaló la comisión de 3 errores. Estos son:

PRIMER ERROR:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL RESOLVER QUE, A BASE DE LOS HECHOS ESENCIALES, LA PRUEBA DOCUMENTAL COMÚN Y LAS DETERMINACIONES FORMULADAS POR EL PROPIO FORO EN EL DICTAMEN RECURRIDO NO PROCEDE LA DESESTIMACIÓN DE LA QUERELLA BAJO EL MECANISMO DE SENTENCIA SUMARIA.

SEGUNDO ERROR:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL RESOLVER QUE EN ESTE CASO HAY ELEMENTOS DE TIPO "SUBJETIVO" QUE LE IMPIDEN RESOLVERLO SUMARIAMENTE EN TÉRMINOS DE SI OCURRIÓ O NO UN DESPIDO CONSTRUCTIVO BAJO LA LEY 80-1976, CONTRARIO A LA JURISPRUDENCIA DEL TRIBUNAL SUPREMO DE PUERTO RICO EN RIVERA FIGUEROA V. THE FULLER BRUSH CO., 18[0] DPR 894 (2011), QUE RESOLVIÓ QUE EN ESTOS CASOS EL CRITERIO A CONSIDERARSE ES EL DEL TIPO "OBJETIVO".

TERCER ERROR:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL RECHAZAR LA DESESTIMACIÓN DE LA RECLAMACIÓN DE REPRESALIAS TODA VEZ QUE DE LAS ALEGACIONES INCONTROVERTIDAS DE LA RECURRIDA A ESOS FINES NO SE SURGEN HECHOS QUE ADUZCAN UNA ACTIVIDAD PROTEGIDA BAJO LA LEY 115-1991.

Atendido el recurso, el 8 de abril de 2024, emitimos *Resolución* en la que, entre otras cosas, ordenamos a la parte recurrida a someter su oposición en 10 días. En cumplimiento con ello, esta compareció el 18 de abril de 2024 mediante *Oposición a Petición de Certiorari.* Habiéndose perfeccionado al recurso, resolvemos.

II

-A-

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. McNeil

Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. McNeil Healthcare v. Mun. Las Piedras I, *supra*; Scotiabank v. ZAF Corp. et al., 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." 800 Ponce de León v. AIG, *supra*. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." McNeil Healthcare v. Mun. Las Piedras I, *supra,* a la pág. 404.

El examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. McNeil Healthcare v. Mun. Las Piedras I, *supra*; 800 Ponce de León v. AIG, *supra*. Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al

evaluar si se debe o no expedir un recurso de *certiorari*.[1] Estos, pautan el ejercicio sabio y prudente de la facultad discrecional judicial. <u>Mun. de Caguas v. JRO Construction</u>, 201 DPR 703, 712 (2019).  La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación." <u>Scotiabank v. ZAF Corp. et al.</u>, *supra*, págs. 486-487; <u>Mun. de Caguas v. JRO Construction</u>, *supra*.

-B-

El mecanismo procesal de la sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil, 32 LPRA, Ap. V., R. 36, permite resolver los asuntos de aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, no ameritan la celebración de un juicio. <u>Cruz Vélez v. CEE y otros</u>, 206 DPR 694 (2021), al citar a <u>Mejías et al. v. Carrasquillo et al.</u>, 185 DPR 288 (2012) y otros.  Así pues, conforme la discutida regla, procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, más las declaraciones juradas y cualquier otra evidencia presentada se acredita la inexistencia de una controversia real y sustancial sobre algún hecho esencial y material. Deberá, también, justificarse por el derecho aplicable. <u>Id</u>., mencionando a <u>Bobé et al. v. UBS Financial Services</u>, 198 DPR 6 (2017) y demás.

Por otro lado, la parte que se oponga a la moción de sentencia sumaria, deberá así hacerlo dentro del término de veinte (20) días desde su notificación, cumpliendo con los requisitos de ley. Así pues, deberá efectuar

---

[1] Estos son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

una exposición breve de las alegaciones, los asuntos litigiosos o en controversia. También, deberá hacer referencia a los párrafos enumerados por la parte promovente que entiende están en controversia y para cada uno, detallar la evidencia admisible que sostiene su impugnación. Véase, Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b); Cruz Vélez v. CEE y otros; *supra*; y SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 432 (2013). Las meras afirmaciones no bastan. Meléndez González et al. v. M. Cuebas, 193 DPR 100, 136 (2015) Esto es así, ya que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, sino que tiene que ser una que permita concluir la existencia de una controversia real y sustancial sobre hechos relevantes y pertinentes. Abrams Rivera v. E.L.A., 178 DPR 914, 932 (2010) No obstante, el no presentarse oposición a una moción de sentencia sumaria no impide que el tribunal falle en contra del promovente de esta ya que esta "puede dictarse a favor o en contra del promovente, según proceda en derecho.". Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 DPR 563, 575 (1997).

Así, al evaluar los méritos de una solicitud de sentencia sumaria un tribunal podrá dictar sentencia sumaria si de los documentos sometidos ante su consideración surge que no existe controversia real sustancial en cuanto a ningún hecho material y solo restaría por resolver una controversia estricta de derecho. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V R 36.3(e). Por el contrario, no procederá una moción de sentencia sumaria cuando (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho, no proceda. Cruz Vélez v. CEE y otros, *supra.*

En cuanto a la revisión judicial de una determinación sobre sentencia sumaria, es meritorio señalar que los foros apelativos nos encontramos en

la misma posición que el foro primario. Por ello, debemos regirnos por la Regla 36 de Procedimiento Civil y aplicar los criterios de esta. No obstante, no podemos tomar en consideración evidencia que las partes no presentaron ante el TPI. Tampoco podemos adjudicar los hechos materiales en controversia, por ser una tarea que le compete al foro de instancia luego de celebrarse un juicio. Meléndez González et al. v. M. Cuebas, *supra,* pág. 118.

-C-

La Ley 115 del 20 de diciembre de 1991, 29 LPRA Sec. 194, et seq., establece que, "[n]ingún patrono podrá despedir, amenazar o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, así como el testimonio, expresión o información que ofrezca o intente ofrecer, en los procedimientos internos establecidos de la empresa, o ante cualquier empleado o representante en una posición de autoridad, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley."[2]

La discutida legislación tiene un alcance amplio siendo aplicable a empleados de la empresa privada, aquellos de los municipios y a todos los empleados de gobierno, incluidas aquellas instrumentalidades que funcionen como negocio o empresas privadas. Cordero Jiménez v. UPR, 188 DPR 129 (2013); Rivera Prudencio v. Mun. de San Juan, 170 DPR 149 (2007). La violación a sus disposiciones deberá demostrarse mediante evidencia directa o circunstancial. El empleado, podrá también establecer un caso *prima facie* de violación a la ley probando que participó en una actividad protegida por el estatuto y que fue subsiguientemente despedido,

---

[2] 29 LPRA Sec. 194a.

amenazado o discriminado en su contra de su empleo.[3] Así establecido, le corresponde al patrono alegar y fundamentar una razón legítima y no discriminatoria para el despido. Cumplida esta encomienda, deberá el empleado demostrar que la razón brindada por el patrono era un mero pretexto. *Íd.*

Para cumplir con la encomienda de establecer una causa de acción por represalias mediante el establecimiento de un caso prima facie de represalias, el empleado deberá probar que participó en una actividad protegida y que fue subsiguientemente despedido o amenazado o sufrió discrimen en el empleo. Rivera Menéndez v. Action Service, *supra*; Marín v. Fastening Systems, Inc., 142 DPR 499, (1997).[4] Además, será requerido que demuestre que el patrono tomó una acción adversa y que existe un nexo causal entre dicha acción adversa y el ejercicio de la actividad protegida.

-D-

La Ley de Indemnización por Despido sin Justa Causa, Ley Núm. 80 del 30 de mayo de 1976, según enmendada, 25 LPRA Sec. 185a, (Ley 80), ofrece una valiosa protección a aquellos individuos empleados y contratados por tiempo indeterminado a ser remunerados de ser despedidos injustificadamente de su trabajo. Este resarcimiento se conoce comúnmente como "mesada". León Torres v. Rivera Lebrón, 204 DPR 20 (2020) citando a González Méndez v. Acción Social et al., 196 DPR 213 (2016) y otros allí citados. La Ley 80 no establece qué constituye un despido injustificado. No obstante, el aludido estatuto informa sobre varios escenarios que pueden liberar al patrono de responsabilidad.

---

[3] Para ello, bastará con que el empleado compruebe que la acción adversa que experimentó ocurrió al poco tiempo de haber incurrido en la alegada actividad protegida. O sea, es suficiente con que se establezca la proximidad temporal. Rivera Menéndez v. Action Service, 185 DPR 431 (2012).

[4] Se participa de actividad protegida cuando, por ejemplo, se ofrece testimonio o información ante un foro administrativo. Rivera Prudencio v. Mun. de San Juan, *supra* a la pág. 164.

Así pues, se reputará justa causa para el despido si el empleado: (1) ha exhibido un patrón de conducta impropia o desordenada; (2) no ha cumplido con sus labores de manera eficiente, ha realizado su trabajo tarde o negligentemente o en violación a las normas aplicables, o (3) ha violado reiteradamente aquellas reglas y reglamentos razonablemente establecidos para la operación del establecimiento y los cuales le han sido suministrados oportunamente. *Id*. De igual forma, se entenderá que el despido fue justificado si sucede a consecuencia de: el cierre total, temporero o parcial de las operaciones del establecimiento; los cambios tecnológicos o de reorganización, así como los de estilo, diseño o naturaleza del producto que se produce o maneja por el establecimiento y los cambios en los servicios rendidos al público; o reducciones en empleo necesarias debido a una reducción en el volumen de producción, ventas o ganancias, anticipadas o que prevalecen al ocurrir el despido o con el propósito de aumentar la competitividad o productividad del establecimiento. 29 LPRA Sec. 185b.[5]

Para propósito de la Ley 80, la condición de ser despedido no está limitada por la definición usual del término "despido". Entiéndase pues, que, a los efectos de la discutida ley, despido no sólo se trata de la acción unilateral del patrono dirigida a cesantear al empleado, sino que también abarca aquellas dirigidas a inducir o forzar al empleado a renunciar. A esta modalidad de despido se le conoce como *despido constructivo o tácito* Ejemplos de los actos que podrían conducir a la determinación de un despido constructivo son: imponerle o intentar imponerle condiciones de trabajo más onerosas, reducirle el salario, rebajarlo en categoría o someterlo a vejámenes o humillaciones de hecho o de palabra. Rivera Figueroa v. The Fuller Brush Co., 180 DPR 894 (2011).

---

[5] Es importante recordar, aun así, que las circunstancias representativas de justa causa enumeradas en el discutido estatuto son meros ejemplos de acontecimientos asociados a un despido. Ello así, ya que este no puede prever el universo de incidencias que pueden surgir en un entorno laboral y que desemboquen en la cesantía de un empleado. León Torres v. Rivera Lebrón, *supra*, citando a SLG Torres Matundan v. Centro Patología, 193 DPR 920 (2015).

El despido constructivo ocurre cuando al empleado se le obliga a renunciar al imponérsele condiciones de trabajo onerosas. Los actos voluntarios e injustificados de un patrono y dirigidos a obligar al empleado a renunciar constituyen despido cuando la única alternativa razonable que le resta al empleado es abandonar su puesto. Ahora, no basta cualquier molestia o condición antipática. Cuando la conducta del patrono se base en vejámenes y humillaciones, estos deben ser de magnitud sustancial utilizándose un criterio objetivo al examinar si una persona razonable se sentiría forzada a renunciar como resultado de ellos. Lo decisivo es si por los actos del patrono señalados una persona razonable se puede sentir y en efecto se siente forzada a renunciar. Hasta tanto tal hecho no quede probado a satisfacción del tribunal, no se activará la presunción que la Ley Número 80 provee. *Íd.*

## III

Como mencionamos al exponer el tracto procesal del caso, la decisión recurrida deniega la moción de sentencia sumaria presentada en el pleito por SPUPR, así como la oposición a sentencia sumaria y solicitud de sentencia sumaria instada por la recurrida. Por consiguiente, estamos ante una de aquellas instancias autorizadas por la Regla 52.1 de Procedimiento Civil, *supra,* que nos autoriza a acoger o no discrecionalmente el *certiorari* instado.

La parte peticionaria discrepa de la conclusión del tribunal de que no hubo ante su consideración elementos suficientes que le permitieran establecer si hubo o no condiciones onerosas que obligaron a la recurrida a renunciar. Específicamente, argumenta que distinto a lo concluido por el TPI, en el caso no había necesidad alguna de ir más allá de las alegaciones de la querella y escuchar prueba testifical para ponderar credibilidad.

Basándose en tal postura, discute que el Tribunal Supremo de Puerto Rico en Rivera Figueroa v. The Fuller Brush Co., *supra,* establece que en

aquellos casos en los que se reclame la aplicación del despido en su modalidad de despido constructivo, el criterio a evaluar y considerar es el objetivo de una persona razonable y no la visión subjetiva del empleado. Amparándose en estos argumentos, la peticionaria plantea que el expediente es claro en cuanto a la falta de elementos que permitan concluir que los actos señalados por la recurrida fueron de tal naturaleza que una persona prudente y razonable se sentiría forzada a renunciar al trabajo pudiéndose entonces constituir la figura de despido constructivo. De igual manera, y en cuanto a la causa de acción por represalias, la peticionaria alega que constituyó una equivocación clara la negativa del foro primario a desestimar la causa de acción de la recurrida, puesto que los documentos sometidos demuestran que esta no participó de ninguna actividad protegida de las que activa la presunción de represalias.

Por su parte, la señora Valentín afirma que los argumentos sometidos por la peticionaria a los fines de convencernos de intervenir y revocar la decisión recurrida no demuestran abuso de discreción por parte del TPI, mereciendo pues nuestra deferencia. Asimismo, destaca que contrario a lo que la peticionaria manifiesta, las quejas que levantó por las actuaciones llevadas en su contra, pudieran constituir una actividad protegida, a tenor con la Ley 115-1991, puesto que la misma cataloga una actividad protegida, entre otras cosas, el testimonio, expresión o información que ofrezca o intente ofrecer el empleado en los procedimientos internos, establecidos de la empresa, o ante cualquier empleado o representante en una posición de autoridad; cosa que ocurrió en su situación.

A los fines de atender el recurso, y dirigiéndose el planteamiento de la peticionaria a argumentar la procedencia de una moción de sentencia sumaria, evaluamos si el escrito sometido por SPUPR, así como aquel que en oposición presentó la recurrida, cumplieron con los requisitos de forma

que nuestro ordenamiento jurídico establece para tal instrumento. Contestamos en la afirmativa. Igualmente, y debido a que, si bien estima que el foro primario pudo incluir determinaciones de hechos adicionales, no impugna aquellas emitidas por el TPI, aceptamos cada uno de los hechos incontrovertidos enunciados por el foro primario en el dictamen recurrido. Dicho lo anterior, luego de que a los fines de atender los señalamientos efectuados evaluáramos las mociones sometidas ante la consideración del foro primario, así como las expresiones emitidas por el foro primario en su *Resolución*, no encontramos la existencia de ninguno de aquellos factores enunciados en la Regla 40 de nuestro Reglamento que muevan nuestra discreción a favor de la expedición del auto discrecional del *certiorari* para intervenir con la decisión recurrida. En esta, el TPI no incurre en error manifiesto ni es movido por prejuicio, parcialidad o pasión al determinar que existían hechos en controversia esenciales a las causas de acción que debían ser dirimidos en un juicio plenario, puesto requerían un evalúo y una atribución de credibilidad.

IV

Por las razones antes expresada**s, denegamos** la expedición del auto de *Certiorari* solicitado por Servidores Públicos Unidos de Puerto Rico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís<br/>Secretaria del Tribunal de Apelaciones