ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI DJ 2025-063

| | | |
|---|---|---|
| **DAVID MARTÍNEZ PIMENTEL**<br><br>Peticionario<br><br>v.<br><br>**DIRECTOR ADMINISTRATIVO DE LOS TRIBUNALES**<br><br>Recurrido | TA2025CE00334 | *CERTIORARI* procedente de la **Junta de Personal Rama Judicial**<br><br>Caso Núm.: **A-20-08**<br><br>Sobre: Separación en Período Probatorio |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de septiembre de 2025.

Comparece ante nos el señor David Martínez Pimentel (Sr. Martínez Pimentel o parte peticionaria) mediante un recurso de *certiorari* en el que solicita que revoquemos una *Resolución* emitida por la Junta de Personal de la Rama Judicial (Junta de Personal) el 10 de marzo de 2025.[1] Por medio de dicho dictamen, la Junta de Personal declaró con lugar la *Moción para que se dicte resolución sumaria a favor de la parte apelada* presentada por el honorable Sigfrido Steidel Figueroa, Director Administrativo de los

---

[1] Apéndice del recurso de *certiorari*, Anejo 16, págs. 187-225. Notificada y archivada en autos el 11 de marzo de 2025.

Tribunales (Director Administrativo) de la Oficina de Administración de los Tribunales (OAT).[2] En su consecuencia, ordenó el archivo con perjuicio de la *Querella-Apelación* radicada por el Sr. Martínez Pimentel.[3]

El 8 de septiembre de 2025, el Director Administrativo presentó un *Alegato en oposición a recurso de certiorari*.

Por los fundamentos que pormenorizamos a continuación, denegamos la expedición del auto de *certiorari*.

**I.**

El caso de marras tiene su génesis el 25 de septiembre de 2020 cuando el Director Administrativo emitió una carta mediante la cual separó al Sr. Martínez Pimentel de su puesto como Alguacil Auxiliar del Centro Judicial de Fajardo, durante su periodo probatorio, en virtud del Artículo 14.1 del Reglamento de la Administración del Sistema de Personal de la Rama Judicial (Reglamento de Personal), 4A LPRA Ap. XIII.[4] Lo anterior, pues expuso que el desempeño del Sr. Martínez Pimentel reflejó deficiencias en los criterios generales respecto a la actitud hacia el servicio, el cumplimiento con las instrucciones impartidas, y las relaciones interpersonales. Sostuvo también que dicha conducta fue incompatible con el comportamiento exigible al personal de la Rama

---

[2] *Íd.*, Anejo 12, págs. 106-174.
[3] *Íd.*, Anejo 2, págs. 3-12.
[4] *Íd.*, Anejo 1, págs. 1-2.

Judicial, particularmente, con la función de los alguaciles, quienes venían llamados a procurar por el orden, la disciplina y el buen comportamiento en todo tiempo.

Insatisfecho, el Sr. Martínez Pimentel presentó una *Querella-Apelación* ante la Junta de Personal el 13 de octubre de 2020, donde suplicó de esta que dejara sin efecto la carta del Director Administrativo, al amparo de *Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial*, Ley Núm. 115 de 20 de diciembre de 1991 (Ley Núm. 115-1991), según enmendada, 29 LPRA secs. 194 *et seq.*; la *"Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico"*, Ley Núm. 90 de 7 de agosto de 2020 (Ley Núm. 90-2020), según enmendada, 29 LPRA secs. 3111 *et seq.*; y la *"Ley para Prohibir el Hostigamiento Sexual en el Empleo"*, Ley Núm. 17 de 22 de abril de 1988 (Ley Núm. 17-1988), según enmendada, 29 LPRA secs. 155 *et seq.*

Posteriormente, el 2 de diciembre de 2020, el Director Administrativo, sin someterse a la jurisdicción, radicó un *Aviso de Paralización*, en virtud del *Puerto Rico Oversight, Management, and Economic Stability Act* (PROMESA), 48 USC secs. 2101 *et seq.*[5] También expuso que el Sr. Martínez Pimentel no probó *prima facie* su caso de discrimen, por lo que, en virtud del Artículo 14.1 del

---

[5] *Íd.*, Anejo 3, págs. 13-32.

Reglamento de Personal, *supra* la Junta de Personal carecía de jurisdicción para atender la reclamación en sus méritos.

El 12 de abril de 2021, la Junta de Personal emitió una *Resolución* en la que declaró sin lugar el aviso de paralización y ordenó la continuación de los procedimientos.[6]

Transcurrido múltiples trámites procesales,[7] el Director Administrativo radicó una *Moción para que se dicte resolución sumaria a favor de la parte apelada* mediante la cual arguyó que la Autoridad Nominadora poseía la discreción para separar de su puesto a un empleado bajo el periodo probatorio como lo fue el Sr. Martínez Pimentel.

Por su parte, el Sr. Martínez Pimentel presentó una *Oposición a moción para que se dicte una resolución sumaria.*[8] Expresó que la petición sumaria se radicó tardíamente, que el Reglamento de Personal, *supra,* no proveía para la disposición sumaria de las apelaciones, y que el Director Administrativo planteó los mismos argumentos que ya habían sido resueltos por la Junta de Personal.

Además, el Director Administrativo presentó una *Réplica a oposición a moción para que se dicte resolución sumaria a favor de la parte apelada.*[9]

---

[6] *Íd.*, Anejo 4, págs. 33-36.
[7] Véase, *Resolución* emitida el 8 de diciembre de 2021 por un Panel Hermano de esta Curia bajo el alfanumérico KLCE202101218.
[8] Apéndice del recurso de *certiorari*, Anejo 13, págs. 175-178.
[9] *Íd.*, Anejo 14, págs. 179-185.

Ante ello, la Junta de Personal emitió una *Resolución* el 10 de marzo de 2025 en la que declaró Con Lugar la *Moción para que se dicte resolución sumaria a favor de la parte apelada*, y, por ende, ordenó el archivo con perjuicio de la apelación.

Inconforme, el 26 de marzo de 2025, el Sr. Martínez Pimentel presentó una *Solicitud de reconsideración a desestimación de la apelación*,[10] y el 1 de mayo de 2025, el Director Administrativo radicó una *Oposición a moción de reconsideración*.[11]

El 15 de julio de 2025, la Junta de Personal dictaminó No Ha Lugar la petición de reconsideración.[12]

Insatisfecho, el Sr. Martínez Pimentel presentó el recurso de epígrafe el 22 de agosto de 2025, y planteó el siguiente señalamiento de error:

> **RESOLVER SUMARIAMENTE LA APELACIÓN Y DESESTIMARLA CONTRARIO A DERECHO POR EXISTIR CONTROVERSIAS DE HECHOS ESENCIALES EN CUANTO AL NIVEL DE DESEMPEÑO DEL PETICIONARIO, EN PARTICULAR EN CUANTO AL CRITERIO DE ACTITUD HACIA EL SERVICIO, QUE IMPIDEN DISPONER DE ESTE PLEITO SUMARIAMENTE.**

Por su parte, el Director Administrativo radicó un *Alegato en oposición a recurso de certiorari* el 8 de septiembre de 2025.

---

[10] *Íd.*, Anejo 17, págs. 199-225.
[11] *Íd.*, Anejo 18, págs. 226-234.
[12] *Íd.*, Anejo 19, págs. 235-236. Notificada y archivada en autos el 23 de julio de 2025.

## II.

## A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174 (2020). En los casos civiles, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita los asuntos aptos para revisión interlocutoria ante el Tribunal de Apelaciones mediante el recurso de *certiorari*. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, *supra*, pág. 1004; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 486-487 (2019); *IG Builders v. BBVAPR*, 185 DPR 307, 336 (2012). La citada regla establece que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de

familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Regla 52.1 de Procedimiento Civil, *supra* (Énfasis suplido); véase además, *Scotiabank de Puerto Rico v. ZAF Corporation, supra,* pág. 487.

La característica distintiva del recurso de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR, supra,* pág. 338. A pesar de lo anterior, la discreción no debe hacerse en abstracción del resto del derecho, sino que debe ejercerse de forma razonable con el propósito de llegar a una opinión justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008). Precisamente, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), instituye los criterios que se deben tomar en consideración para poder ejercer sabiamente la facultad discrecional de expedir un auto de *certiorari*. Estos factores son los siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty*, *supra*, págs. 96-97.

**B.**

La Ley Núm. 115-1991, *supra*, tiene el propósito de proteger a los empleados contra posibles represalias de parte de los patronos por ofrecer testimonio ante un foro legislativo, judicial o administrativo. *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656, 668-669 (2017); *Cordero Jiménez v. UPR*, 188 DPR 129, 135-136

(2013). Específicamente, el Artículo 2(a) de dicho estatuto, *supra*, sec. 194a, dispone que:

> **(a)** Ningún patrono podrá despedir, amenazar o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, así como el testimonio, expresión o información que ofrezca o intente ofrecer, verbalmente o por escrito, en los procedimientos internos establecidos de la empresa, o ante cualquier empleado o representante en una posición de autoridad, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley.

(Énfasis suplido en el original).

Con ese fin, la Ley Núm. 115-1991, *supra*, desarrolló una causa de acción a favor de los empleados, quienes son definidos como "cualquier persona que preste servicios a cambio de salarios, o cualquier tipo de remuneración, mediante un contrato oral, escrito, explícito o implícito". Artículo 1(a) de la Ley Núm. 115-1991, *supra*, sec. 194; *Velázquez Ortiz v. Mun. de Humacao, supra*, pág. 669. De hecho, este estatuto protege a toda clase de empleado independientemente de su puesto o empresa. *Cordero Jiménez v. UPR, supra*, pág. 140. Particularmente, nuestro máximo foro expuso que:

> Bajo el esquema remedial del P. del S. 987 se ofrecerá una protección mucho más amplia que bajo la Ley Núm. 80. Nótese que, entre otras cosas, el proyecto protegerá a todo tipo de empleado (*y no sólo a aquellos contratados*

*sin tiempo determinado*); brindará protección contra actos de despido, amenaza o discrimen; y protegerá al empleado aunque la información que ofrezca o intente ofrecer no esté relacionada con el negocio de su patrono.

*Velázquez Ortiz v. Mun. de Humacao*, *supra*, pág. 670 (Énfasis suplido en el original) (*citando a* Memorando de la Oficina del Secretario del Departamento del Trabajo y Recursos Humanos sobre el P. del S. 987, 18 de marzo de 1991, págs. 2–3).

En cuanto al esquema probatorio, los trabajadores poseen dos vías para establecer una causa de acción por represalias. Artículo 2(c) de la Ley Núm. 115-1991, *supra*, sec. 194a. Por medio de la primera alternativa, el empleado debe probar la violación con evidencia directa o circunstancial. En la segunda opción, el trabajador tiene que establecer un caso *prima facie* de violación al estatuto probando que participó en una actividad protegida y que, posteriormente, fue despedido, amenazado o discriminado en su contra de su empleo. *Rivera Menéndez v. Action Service*, 185 DPR 431, 445 (2012); *Feliciano Martes v. Sheraton*, 182 DPR 368, 393-394 (2011). Respecto a esta última alternativa, el empleado debe demostrar que el patrono tomó una acción adversa y que existe un nexo causal entre esa acción y el ejercicio de la actividad protegida. *Velázquez Ortiz v. Mun. de Humacao*, *supra*, pág. 671; *Marín v. Fastening Systems, Inc.*, 142 DPR 499 (1997).

**C.**

Por otro lado, la política pública de la Ley Núm. 17-1988, *supra,* es prohibir el hostigamiento sexual en el empleo e imponerles a los patronos responsabilidades. *Casillas Carrasquillo v. Estado Libre Asociado de Puerto Rico*, 209 DPR 240, 249 (2022); *Velázquez Ortiz v. Mun. de Humacao, supra,* pág. 663-664. Un empleado es definido como toda persona que trabaja para un patrono y que recibe compensación por ello o toda persona que aspire a un empleo. Además, dicho concepto se interpretará de la forma más liberal posible. Artículo 2 de la Ley Núm. 17-1988, *supra*, sec. 155a.

Ahora bien, la responsabilidad de los patronos abarca los actos de hostigamiento sexual que estos o sus supervisores incurran, al igual que entre sus empleados si el patrono o sus supervisores sabían o debían estar enterados de tal conducta. Artículos 5 y 6 de la Ley Núm. 17-1988, *supra*, secs. 155d y 155e; *Casillas Carrasquillo v. Estado Libre Asociado de Puerto Rico, supra,* pág. 250. Procede esto último, al menos que el patrono pruebe que tomó una acción inmediata y apropiada para corregir la situación. Artículo 6 de la Ley Núm. 17-1988, *supra,* sec. 155d. Una acción inmediata y apropiada es una que razonablemente terminará sin demora las actuaciones de hostigamiento sexual y evitará su repetición efectivamente. *Albino v. Ángel Martínez, Inc.*, 171 DPR 457, 475 (2007). Para determinar ello, es meritorio examinar las

circunstancias de cada caso incluyendo la existencia de un reglamento aplicable a la situación y su cumplimiento. *Casillas Carrasquillo v. Estado Libre Asociado de Puerto Rico*, *supra*, pág. 250.

**D.**

En esa misma línea, la Ley Núm. 90-2020, *supra*, establece la política pública en contra del acoso laboral. Particularmente, define el acoso laboral como "aquella conducta malintencionada, no deseada, repetitiva y abusiva; arbitraria, irrazonable y/o caprichosa; verbal, escrita y/o física; de forma reiterada por parte del patrono, sus agentes, supervisores o empleados, ajena a los legítimos intereses de la empresa del patrono, no deseada por la persona, que atenta contra sus derechos constitucionales protegidos". Artículo 4(3) de la Ley Núm. 90-2020, *supra*, sec. 3114. Este estatuto provee para que todo empleado que haya sido afectado pueda presentar una reclamación civil en contra de su patrono por incurrir, fomentar o permitir el acoso laboral. Artículo 5 de la Ley Núm. 90-2020, *supra*, sec. 3115. Previo a presentar una reclamación judicial, el empleado debe utilizar los procedimientos y protocolos adoptados por el patrono, y de ser infructuosa la gestión, procede recurrir al Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial. Artículo 10 de la Ley Núm. 90-2020, *supra*, sec. 3120. Es meritorio indicar también que, la Ley Núm. 90-2020, *supra*, concibe los conceptos de patrono y empleado de forma

extensiva, hasta el punto de incluir al sector público. *Reyes Berríos v. Estado Libre Asociado de Puerto Rico*, 213 DPR 1093, 1106 (2024).

**E.**

La Regla 36 de Procedimiento Civil, *supra*, R. 36, establece el mecanismo procesal de la sentencia sumaria. El propósito de esta regla es facilitar la solución justa, rápida y económica de litigios civiles en los cuales no existe controversia real y sustancial de hechos materiales y que no requieren ventilarse en un juicio plenario. *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018); *Bobé et al. v. UBS Financial Services*, 198 DPR 6, 19-20 (2017); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013). Mediante este procedimiento, una parte puede solicitar que el tribunal dicte sentencia sumaria sobre la totalidad o parte de la reclamación, y así se promueve la descongestión de calendarios. *Vera v. Dr. Bravo*, 161 DPR 308, 331-332 (2004).

Sin embargo, el mecanismo de sentencia sumaria solo está disponible para la disposición de aquellos casos que sean claros; cuando el tribunal tenga ante sí la verdad de todos los hechos esenciales alegados en la demanda; y que solo reste por disponer las controversias de derecho existentes. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 911-912 (1994). Asimismo, la Regla 36.3(e) de Procedimiento Civil, *supra*, R. 36.3(e), dispone que:

La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el tribunal debe dictar sentencia sumaria a favor de la parte promovente.

Aun así, el oponente a la moción de sentencia sumaria está obligado a establecer que existe una controversia que sea real en cuanto a algún hecho material a la controversia y, en ese sentido, no es cualquier duda es suficiente para derrotar la solicitud. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015). Además, "tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa". *León Torres v. Rivera Lebrón,* 204 DPR 20, 44 (2020). De esta forma, la parte opositora no puede descansar en meras aseveraciones o negaciones de sus alegaciones, sino que debe proveer contradeclaraciones juradas y documentos que sustenten los hechos materiales en disputa. *SLG Zapata-Rivera v. JF Montalvo,* supra; *Ramos Pérez v. Univisión,* 178 DPR 200, 215 (2010); *Cruz Marcano v. Sánchez Tarazona,* 172 DPR 526, 550 (2007).

En lo ateniente al estándar de revisión aplicable, en *Meléndez González et al. v. M. Cuebas, supra,* el Tribunal Supremo delineó el estándar que el Tribunal de Apelaciones debe utilizar para revisar

una denegatoria o una concesión de una moción de sentencia sumaria.

En primer lugar, reafirmó que el Tribunal de Apelaciones se encuentra en la misma posición que el TPI al momento de revisar solicitudes de sentencia sumaria, siendo su revisión una *de novo* y teniendo la obligación de regirse por la Regla 36 de Procedimiento Civil, *supra*, y los criterios que la jurisprudencia le exige al foro primario. *Meléndez González et al. v. M. Cuebas, supra*, pág. 118. Asimismo, deberá examinar el expediente de la manera más favorable hacia la parte que se opuso a la petición de sentencia sumaria, llevando a cabo todas las inferencias permisibles a su favor. Ahora bien, reconoció que el foro apelativo está limitado, toda vez que no podrá tomar en consideración evidencia que las partes no presentaron ante el foro primario, ni podrá adjudicar los hechos materiales en controversia.

En segundo lugar, prescribió que el Tribunal de Apelaciones deberá revisar que tanto la moción en solicitud de sentencia sumaria, como la oposición, cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra*. *Meléndez González et al. v. M. Cuebas, supra*, pág. 118.

En tercer lugar, mandató que, ante la revisión de una sentencia dictada sumariamente, el Tribunal de Apelaciones deberá revisar si en realidad existen hechos materiales en controversia y,

de haberlos, estará obligado a exponer específicamente cuáles hechos materiales están en controversia y cuáles no, en cumplimiento con la Regla 36.4 de Procedimiento Civil, *supra,* R. 36.4. *Meléndez González et al. v. M. Cuebas, supra,* pág. 118.

En cuarto lugar, dispuso que, si encuentra que los hechos materiales realmente no están en controversia, entonces el Tribunal de Apelaciones deberá revisar *de novo* si el foro primario aplicó correctamente el Derecho. *Meléndez González et al. v. M. Cuebas, supra,* pág. 119.

## III.

En el caso de marras, el Sr. Martínez Pimentel argumentó que la Junta de Personal incidió al resolver sumariamente la apelación y desestimarla contrario a derecho. Lo anterior, por existir controversias de hechos esenciales en cuanto su nivel de desempeño, en particular respecto al criterio de actitud hacia el servicio.

Por su parte, la Junta de Personal determinó que, según la *Moción para que se dicte resolución sumaria a favor de la parte apelada,* junto a los documentos oficiales de la OAT anejados a esta, no ocurrió una situación *prima facie* de discrimen contra el Sr. Martínez Pimentel. Además, expresó que la separación del Sr. Martínez Pimentel de su puesto como Alguacil Auxiliar durante su periodo probatorio se debió a su desempeño. En cambio, concluyó

que el Sr. Martínez Pimentel no realizó alegación alguna en su oposición refutando los hechos que esbozó el Director Administrativo ni presentó ningún tipo de evidencia documental que controvirtiera las alegaciones de este. Ante dichas circunstancias, la Junta de Personal determinó que el Director Administrativo no incidió al separar al Sr. Martínez Pimentel de su puesto como Alguacil Auxiliar, conforme a sus evaluaciones y su desempeño.

Hemos cumplido con lo establecido en *Meléndez González et al. v. M. Cuebas, supra,* que obliga la evaluación "*de novo*" del Tribunal de Apelaciones ante la revisión de dictámenes de sentencia sumaria, conforme a la Regla 36 de Procedimiento Civil, *supra.* Luego de un examen *de novo* del expediente presentado ante esta Curia, no encontramos indicio de que la Junta de Personal hubiese transgredido los parámetros doctrinales permisibles al emitir el dictamen recurrido. Tampoco hallamos ningún criterio jurídico de los cuales guían nuestra discreción para ejercer nuestra facultad revisora, conforme a la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por las razones discutidas anteriormente, denegamos la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones